BAUMGARTEN, Respondent, v. MATHIEU, Appellant.

(165 N. W. 989.)

(File No. 4095. Opinion filed December 31, 1917. Rehearing denied February 14, 1918.)

**Malicious Prosecution—Criminal Proceeding Involving Transaction in Civil Suit—Dismissal of Criminal Proceeding, Result of Civil Settlement—Dismissal, Whether Supporting Action For Malicious Prosecution—Dismissal Through An Authorized Attorney, Unsupported Finding Re Authority, Set Aside.**

Where a criminal proceeding in which appellant was complaining witness, grew out of certain transactions between him and respondent, held, that a dismissal of proceedings without trial on the charge preferred, which dismissal was the result of a settlement of matters in dispute and litigation between the parties, which settlement included an agreement by appellant not to further prosecute the criminal proceeding, is not such dismissal of a criminal proceeding as will support an action for malicious prosecuton. Held, further, that a special finding of jury that respondent's attorney through whose effort said agreement was procured, acted without authority, was absolutely unsupported by the evidence.

Polley, J., dissenting.

Appeal from Circuit Court, Edmunds County. Hon. JOSEPH H. BOTTUM, Judge.

Action by George L. Baumgarten, against W. G. Mathieu, for malicious prosecution. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*C. H. Barron,* and *W. F. Corrigan,* for Appellant.

*Williamson & Williamson,* for Respondent.

Appellant cited: Shaffer v. Cramer, 19 S. D. 656; Leyemberger v. Paul, 40 Ill. App. 516; Halberstadt v. N. Y. Life Ins. Co., 194 N. Y. 1.

Respondent cited: White v. Internation Text Book Co. (Iowa) 136 N. W. 121.

WHITING, J. Action for malicious prosecution. Verdict and judgment for plaintiff. From such judgment and an order denying a new trial defendant appeals.

In the criminal proceedings upon which this action is based appellant herein was the complaining witness. Such proceedings grew out of certain transactions between appellant and respondent. This criminal proceeding was dismissed without any trial upon the charge preferred against respondent. This dismissal came as a result of a settlement of the matters in dispute between these parties, which settlement included an agreement on the part of appellant not to further prosecute such criminal proceeding. This agreement as shown by the undisputed evidence, was insisted upon and procured by the active efforts of respondent's duly employed and authorized attorneys. We have not overlooked the fact that, in answer to an interrogatory submitted to it, the jury found that the attorney through whose efforts this agreement was procured acted without authority. Such finding is absolutely without support under the undisputed evidence.

A dismissal so procured is not such a termination of the criminal proceeding as will support an action for malicious prosecution. 26 Cyc. 59; Craig v. Ginn, 3 Pennewill (Del.) 117, 48 Atl. 192, 53 L. R. A. 715, 94 Am. St. Rep. 77; Halberstadt v. New York Life Ins. Co., 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102. The trial court, under such undisputed evidence, should have advised the jury to return a verdict for appellant.

The judgment and order apepaled from are reversed.

POLLEY, J. (dissenting). It appears beyound all doubt from the evidence in this case that the criminal complaint against the plaintiff Baumgarten was made by the defendant, Mathieu, without probable cause, and for the sole purpose of forcing plaintiff to settle a civil action wherein Mathieu was plaintiff and Baumgarten was defendant. Baumgarten settled the civil action, and defendant immediately consented to a dismissal of the criminal action. I think this made a clear case for damages in plaintiff's favor, and the judgment appealed from ought to be affirmed.