STAUFFACHER, Appellant, v. BROTHER, et al., Respondents

(292 N. W. 432.)

(File No. 8346.  Opinion filed June 11, 1940.)

Rehearing Denied July 26, 1940.

**T. R. Johnson,** of Sioux Falls, for Appellant.
**Danforth & Danforth,** of Sioux Falls, for Respondents.

RUDOLPH, J.  The plaintiff seeks to recover damages in this action for certain acts of the defendants which culminated in the arrest of the plaintiff.  The case was tried to a jury and resulted in a verdict directed against the plaintiff at the close of plaintiff's case.  Plaintiff has appealed.

The record discloses that after some negotiations the defendant Charles Brother, who is a son of the defendant Henry Brother, turned over to the plaintiff an automobile which he then owned together with fifty dollars in cash for a certain automobile then in the possession of the plaintiff.

At the time of this transaction which took place in the state of Iowa, the plaintiff was unable to furnish a certificate of title to the car which he was transferring in the exchange. The plaintiff furnished a bill of sale and agreed to obtain the certificate of title and transfer the same within "possibly a few days." Thereafter on several occasions the defendants interviewed the plaintiff regarding the certificate of title and were advised on each occasion that plaintiff had not yet obtained it. After waiting approximately two months for the certificate of title, the defendants demanded that the plaintiff return the car which he had received in exchange, together with the money paid, and take back the car he had delivered to Charles Brother. The plaintiff refused to "trade back", and following this refusal the defendant Henry Brother became very angry and accused the plaintiff of selling a stolen automobile. Within a few days thereafter according to the testimony of the plaintiff he saw the defendant Henry Brother and agreed to "trade back", but before such transaction was had, and after defendants learned the car was not registered in plaintiff's name, the plaintiff was arrested. It appears that the defendant, Henry Brother, consulted the state's attorney of Minnehaha County and was advised by him that, if a crime had been committed, it was committed in the state of Iowa, whereupon Mr. Brother consulted the county attorney of Lyon County, Iowa. Following this interview Henry Brother appeared before a certain justice of peace in Lyon County and swore out a complaint for the arrest of the plaintiff, wherein it was charged that plaintiff had obtained property under false pretenses. A warrant was issued for plaintff's arrest. Thereafter the facts involved were presented to a grand jury in the state of Iowa which returned an indictment against the plaintiff. On November 15th, 1937, a complaint was filed in the municipal court in the city of Sioux Falls charging the plaintiff with being a fugitive from justice. A warrant was issued upon this complaint, and plaintiff was arrested and held in jail for several hours, after which he was released on bail. Extradition proceedings were had before the then governor of this state who refused to order that the plaintiff

return to the state of Iowa. Following this order of the governor, the proceedings in the municipal court in the city of Sioux Falls were dismissed. Thereafter the plaintiff, according to his own testimony, deliberately refrained from going into the state of Iowa and submitting to the jurisdiction of the Iowa court, and in March, 1939, after a new county attorney had taken office in Lyon County, Iowa, the proceedings against the plaintiff were there dismissed upon the application of the county attorney. After the dismissal of the proceedings in Iowa, plaintiff commenced this action to recover damages.

Appellant's principal contention is that the facts disclosed upon the trial are sufficient upon which the jury might have returned a judgment against the defendants on the theory of malicious prosecution. However, appellant also briefly contends that the facts are sufficient upon which the jury might find a false arrest or a false imprisonment. We consider first this minor contention of appellant.

▆▆▆ We are convinced that under the rule announced in Just v. Martin Brothers Co., 37 S. D. 470, 159 N. W. 44, the complaint states no cause of action for false arrest. Nowhere in the complaint is it alleged that the warrant under which the plaintiff was committed was void, and there are no allegations from which such fact might be determined. The complaint states causes of action for malicious prosecution and this was the theory upon which the case was tried and determined. Questions which were not within the issues in the trial court are not within the issues in the Supreme Court on appeal. Cannon v. Merchen et al., 54 S. D. 592, 223 N. W. 824.

The elements of "malicious prosecution" are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff." Just v. Martin Bros. Co., 37 S. D. 470, 476, 159 N. W. 44, 46;

Larsen v. Johnson, 47 S. D. 202, 204, 197 N. W. 230; 38 C. J. 386; Chapman v. Anderson, 55 App. D. C. 165, 3 F.2d 336; Wheeler v. Nesbitt et al., 24 How. 544, 65 U. S. 544, 16 L. Ed. 765; Brown v. Keyes, 54 S. D. 596, 223 N. W. 819.

The burden of proof was upon the plaintiff to prove the want of probable cause. We seriously doubt whether plaintiff met this burden with his proof, but in view of our opinion that other features of the case sustain the holding of the trial court, it is unnecessary to discuss the question of probable cause.

██ As we view this record, element three as above stated is lacking. Element three requires the bona fide determination of the original proceeding in favor of the present plaintiff. This court in the case of Baumgarten v. Mathieu, 39 S. D. 584, 165 N. W. 989, cited with approval the case of Halberstadt v. New York Life Ins. Co., 194 N. Y. 1, 86 N. E. 801, 804, 21 L. R. A., N. S., 293, 16 Ann. Cas. 1102. This New York case specifically held that "where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor or as the result of some act, trick, or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action." Speaking with reference to the original proceeding upon which the action for malicious prosecution was based, the court said: "That proceeding came to a dismissal and end, not because of any judicial action in favor of the accused for lack of merits or because of a withdrawal or abandonment of it by the prosecuting party, but simply because the defendant therein succeeded in escaping from the country and eluding the jurisdiction of the court and thereby preventing a prosecution. He by his flight, as in other cases the accused had done by agreement, settlement, or trick, prevented a consideration of the merits, and he ought not now to be allowed to claim that there were no merits."

In the case before us the appellant deliberately and upon the advice of counsel refrained from going into the state

of Iowa and submitting to the jurisdiction of the Iowa court. We think it clear that appellant by his acts has brought himself within the rule announced in Halberstadt case, which rule has the approval of this court.

██ Appellant, however, contends that the arrest of the plaintiff in this state on the fugitive warrant, and the denial of extradition by the governor, is in itself sufficient to support a verdict by the jury for malicious prosecution independent of the termination of the Iowa proceeding. In this contention appellant relies upon the case of Keller v. Butler, 246 N. Y. 249, 158 N. E. 510, 511, 55 A. L. R. 349. This case arose on a motion to dismiss the complaint and the New York court held that an action for malicious prosecution will lie for the wilful and malicious arrest of another as a fugitive from justice when the charge is known to be false. The court said: "The extradition laws * * * apply to fugitives—those who flee from the state where the crime has been committed. Therefore, when this plaintiff was arrested in New York state, the question was not one of his guilt or innocence—that could not be inquired into—rather it was the question of his presence in Florida at the time of the commission of the alleged crime, and his flight therefrom. Was he a fugitive? The complaint alleges that the defendant, knowing that the plaintiff was not a fugitive, maliciously caused his arrest under the extradition laws in the state of New York, and that after a hearing the plaintiff was released."

In the case before us it appears without dispute that the present plaintiff was in the state of Iowa at the time of the alleged crime, that he left that jurisdiction and was found within the state of South Dakota at the time he was sought to answer for his alleged offense. It is clear from the record before us that the governor of this state misconceived his duty at the extradition hearing. The governor proceeded to attempt to determine the merits of the alleged offense committed in Iowa. This is clear from his letter of December 23, 1937, written to the county attorney of Lyon County, Iowa, and from the deposition of the governor. SDC 34.1719 provides: "The guilt or innocence of the accused as to the

crime of which he is charged may not be inquired into by the ·Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime."

The governor was clearly in error in proceeding in trying to determine the merits in the extradition proceeding. The record indicates that the governor denied the request entirely upon the conclusion he reached as to the merits and not because of failure to show any of the requirements set out in SDC 34.1705, or because of failure to identify the plaintiff.

Should we accept the New York view that the extradition proceeding might be considered separate and apart from the original action, and sufficient in itself to form the basis for an action without awaiting the termination of the proceedings in the demanding state, nevertheless, the record before us discloses affirmatively the presence of probable cause for the extradition proceedings. As above stated it was only the misconception of the governor of his duty in the extradition proceedings that prevented the return of the plaintiff to Iowa upon the demand of the Iowa authorities.

The judgment appealed from is affirmed.

SMITH, P.J., and ROBERTS and WARREN, JJ., concur.

POLLEY, J., dissents.