**LIBERTY LOAN CORPORATION OF DES MOINES, Appellee,**

v.

**Harold V. WILLIAMS and Laura Williams, Appellants.**

**No. 55116.**

Supreme Court of Iowa.

Oct. 18, 1972.

W. Lawrence Oliver, Des Moines, for appellants.

Paul Noser, Jr. of Jones, Hoffmann & Davison, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

REES, Justice.

On September 5, 1969 a default judgment was entered in the within case in favor of plaintiff and against defendant Harold V. Williams in the amount of $209.35 purporting to represent the balance due on a promissory note allegedly executed by defendant Harold V. Williams in favor of plaintiff, together with interest accumulations and costs. This judgment was entered in a law action instituted in the district court of Polk County and designated as cause number 92795 in said court.

On September 3, 1970 defendant Harold V. Williams filed his petition to set aside the judgment in accordance with rule 253, Rules of Civil Procedure. In a second division of his motion to set aside judgment, defendant Williams alleged he had been damaged by the wrongful entry of judgment and the wrongful issuance of a writ of execution under which a joint bank account of both defendants in the Valley Bank & Trust Company of Des Moines had been subjected to garnishment. In such second division of his petition to set aside judgment, defendant Harold Williams prayed for judgment for actual damages for mental anguish, humiliation, embarrassment and inconvenience in the sum of $10,000, plus exemplary and punitive damages of $25,000. Plaintiff resisted the petition to set aside judgment and answered the prayer and division II of said petition.

On December 7, 1970, after hearing, the district court set aside and vacated the judgment so entered against defendant Harold Williams on September 5, 1969.

Subsequent to the ruling of the court setting aside the judgment, defendant Harold Williams filed answer denying the allegations of plaintiff's petition and affirmatively alleging that the promissory note had been paid in full. In a second division of his answer, which he denominated a "cross petition", he again asserted his damage and prayed for judgment for compensatory damages in the sum of $10,000 plus punitive and exemplary damages in the sum of $25,000.

Thereafter both defendants, Harold V. Williams and Laura Williams, instituted a separate action in the district court of Polk County identified in the records of that court as law number 94912. Their petition was in two divisions; in division I defendant Harold Williams prayed for judgment against plaintiff in the amount of $10,000 actual damages and $25,000 exemplary damages. In division II Laura Williams (bottoming her claim on the fact the account in Valley Bank was a joint account and was subjected to garnishment, which inconvenienced her and caused her mental anguish, humiliation and embarrassment) sought compensatory damages in the sum of $20,000 plus punitive and exemplary damages in the amount of $50,000.

After Liberty Loan had filed answer in the second suit, that is to say, cause number 94912, Liberty Loan filed its motion to consolidate cause number 94912 with the action originally instituted on the promissory note of defendant Harold Williams. On December 28, 1970 hearing was had on the motion to consolidate, which motion had been resisted by the defendants, and

the court entered its order consolidating both causes for trial on all issues. This ruling of the court consolidating the causes is assigned in the matter before us now as error requiring reversal.

The cause thereupon proceeded to trial to the jury, and during the course thereof the defendants Williams sought to introduce evidence respecting the value of services rendered them by their counsel as an element of damage. Objection was lodged to such line of testimony and a record was made out of the presence of the jury in the nature of a profert of testimony respecting the services rendered Williams by their counsel, Mr. Oliver, and the reasonable value thereof. Ruling on the profert was not immediately made by the court; in fact, it was reserved until plaintiff Liberty Loan Corporation dictated into the record as respects both causes of action motions to dismiss the claim of both defendants on the grounds Liberty Loan Corporation, in instituting its action, had acted under and upon the advice of counsel and relied thereon and that such reliance constituted a complete defense to the cross petition and counterclaim of defendant Harold Williams in cause number 92975 and upon the claim of both defendants in cause number 94912. The motions to dismiss were sustained by the court. Whereupon the matter was submitted to the jury only as to the claim of plaintiff Liberty Loan against defendant Harold Williams, which resulted in a verdict in favor of defendant Harold Williams and against the plaintiff Liberty Loan Corporation.

I. Defendants complain the trial court erred in its ruling consolidating for the purposes of trial the original action brought by plaintiff against Harold Williams on the promissory note and the action brought by both defendants against Liberty Loan for damages.

■ The modern trend evidenced by the almost universal reform in rules and laws affecting civil procedure is to combine in one litigation all actions arising out of one transaction, and all rules of civil procedure are to be liberally construed to this end. Best v. Yerkes, 247 Iowa 800, 816, 77 N. W.2d 23, 32. Rule 185, Rules of Civil Procedure, provides, "Unless some party shows he will be prejudiced thereby the court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein. * * *"

■ The question as to whether actions should be consolidated for trial is largely within the discretion of the trial court. Davis v. Walter, 259 Iowa 837, 841, 146 N.W.2d 247; Hamdorf v. Corrie, 251 Iowa 896, 901, 101 N.W.2d 836, 839; Iowa Development Co. v. Iowa State Highway Comm., 252 Iowa 978, 983, 103 N.W.2d 487, 490, and citations.

Our present rule (185, R.C.P.) requires a showing rather than a mere statement of prejudice. The rule was amended in 1955, prior to which time a party could prevent a consolidation by merely claiming prejudice. The record does not disclose any showing on the part of defendants that they would be prejudiced by a consolidation of the cases for trial.

■ We find no abuse of discretion on the part of trial court with respect to its order consolidating the causes for trial.

II. Defendants further assert trial court erred in overruling its proffered testimony with respect to the services rendered by counsel for defendants and the charges made therefor. This assignment of error is so interrelated with the other assignments of error (namely, that trial court erred in dismissing the petitions of defendants and in overruling their motion to reconsider filed after verdict) that we shall treat them together.

The record discloses plaintiff Liberty Loan referred its note for collection to Attorney Dwight James, who instituted the initial action and caused the original notice, service of which was subsequently held to be defective, to be placed in the hands of

an officer for service upon the defendant Harold Williams. Mr. James testified at the trial and stated that after the case came to his attention some time in August of 1968 he wrote to Williams and as a result of his letter Mrs. Williams came to his office where they had a discussion, during which she produced a copy of the check of another loan company payable to Harold Williams and plaintiff and which the Williams claimed had been used to pay the entire indebtedness remaining unpaid on the promissory note sued upon. It was the claim of Liberty Loan that the check in question was endorsed by it and by Williams and cashed and the proceeds of the check given to Williams in cash, and that the check had not been utilized in the payment of the indebtedness owing plaintiff. Mr. James further testified that after he had examined the check payable to plaintiff and Williams, he apprised plaintiff of Williams' claim that the account had been paid, and discussed further proceedings in the matter with representatives of plaintiff. He testified it was his determination to proceed with the litigation.

We have considered carefully the entire record in this case. It appears from the record that the plaintiff, Liberty Loan, was at all times acting under the advice of its counsel, and proceeded as it was advised to proceed. We also conclude from the record plaintiff had made a full and fair disclosure of all of the facts in its possession prior to acting upon advice of its counsel; and in addition thereto, plaintiff's counsel had the benefit or advantage of having discussed the conflicting claims of the parties with one of the defendants, Mrs. Williams, prior to the institution of suit.

█ Under the rule in this State, the advice of counsel obtained in good faith upon a full and fair disclosure of all of the facts in possession of a party is a complete defense to an action for malicious prosecution. Granteer v. Thompson, 203 Iowa 127, 129, 208 N.W. 497, 498, and cases there cited; Sergeant v. Watson Bros., 244 Iowa 185, 52 N.W.2d 86; Boike v. Harris, 231 Iowa 957, 2 N.W.2d 647.

"One who initiates civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of the facts upon which his claim is based, and

"(a) reasonably believes that under such facts the claim may be valid at common law or under an existing statute, or

"(b) so believes in reliance upon the advice of counsel given under the conditions stated in § 666."

—Restatement of the Law, Torts, § 675.

The reference back to § 666, Restatement of the Law, Torts, is as follows:

"(1) The advice of an attorney at law admitted to practice and practicing in the state in which the proceedings are brought, whom the client has no reason to believe to be interested, is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is

"(a) sought in good faith, and

"(b) given after a full disclosure of the facts within the accuser's knowledge and information."

We are constrained to the view Liberty Loan had probable cause for believing that under the facts as they were known to plaintiff and as disclosed to its counsel whose advice it sought, its claim was valid and that it had probable cause for the institution of suit.

One of the most lucid and succinct statements of this proposition is found in Kunz v. Johnson, 74 S.D. 577, 57 N.W.2d 116, 119:

"It has been said, 'A malicious prosecution is one that is begun in malice,

**466**

without probable cause to believe it can succeed, and which finally ends in failure.' Burt v. Smith, 181 N.Y. 1, 5, 73 N.E. 495, 496. The elements of 'malicious prosecution' are (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; (6) damage conforming to legal standards resulting to plaintiff. Brown v. Keyes, 54 S.D. 596, 223 N.W. 819; Roberts v. Mooney, 65 S.D. 287, 273 N.W. 378; and Stauffacher v. Brother, 67 S.D. 314, 292 N.W. 432, 128 A.L.R. 925."

We are cognizant of the fact the jury saw fit to find for the defendant Harold Williams in this case. However, we are unable to find any indication of malice on the part of plaintiff, or any lack of probable cause or justification for plaintiff electing to pursue its claim against defendant Harold Williams.

■ We conclude therefore the trial court was not in error in dismissing the Williams' claims for damages for malicious prosecution and abuse of process.

III. We find it unnecessary in light of the last preceding division hereof to pass upon defendants' claimed error with respect to the profert in connection with attorney's fees paid defendants' counsel, or the objection and exceptions to the instructions. Likewise, we deem it unnecessary to pass upon defendants' claimed error of trial court in overruling their motion to reconsider the cause following the jury verdict.

We find no error in this cause and affirm the trial court.

Affirmed.