Lyle SARVOLD, Appellant,

v.

Terry Lee DODSON, Appellee.

No. 2–57067.

Supreme Court of Iowa.

Jan. 21, 1976.

Shaw, Shaw & Beneke by Donald G. Beneke, Laurens, for appellant.

Fitzgibbons Brothers, Estherville, for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiff appeals dismissal of Count (Division) I of his petition for failure to state a cause of action for abuse of process. We find the trial court applied the wrong rule of law in sustaining defendant's motion to dismiss plaintiff's Count I and accordingly reverse and remand.

I. Count I of plaintiff's three Count petition alleges a cause of action for abuse of process, Count II alleges a cause of action for malicious prosecution and Count III alleges a cause of action for a civil rights violation. Defendant's motion to dismiss each Count for failure to plead a cause of action was sustained. Plaintiff has appealed only from dismissal of Count I. On

issues raised at the pleading stage we consider all well plead allegations as true. *Aalfs v. Aalfs,* 246 Iowa 158, 160, 66 N.W.2d 121, 122.

Count I of plaintiff's petition alleges that prior to September 1, 1971, plaintiff was in possession of information which he felt would be grounds for discharge of defendant from his job as a police officer in Spencer, Iowa. He alleges further that plaintiff acted upon this information by conveying same to certain public officials for the purpose of obtaining defendant's discharge. It is then alleged defendant filed an information and caused plaintiff to be confined at the State Mental Health Institute at Cherokee, Iowa and later committed to the Veteran's Hospital in Knoxville, Iowa for evaluation and treatment of mental illness. Plaintiff then pleads:

"6. That Defendant signed said Information well knowing that as a result thereof Plaintiff would probably be taken into custody and confined; that Defendant did not file said information for the sole purpose of obtaining treatment for Plaintiff but maliciously filed same for the collateral and ulterior purpose of having Plaintiff removed from the Community and confined so that he could not pursue his efforts to have Defendant discharged or disciplined and to destroy his credibility with respect to said efforts.

"7. That Defendant's signing of the information and the process thereby initiated for the ulterior and collateral purpose above set forth constituted an abuse of said process."

The court dismissed both Count I and Count II on the grounds plaintiff's petition failed to allege absence of probable cause and termination of the commitment proceedings favorably to plaintiff.

■ II. Our first problem is to determine the elements of and distinctions between actions for malicious prosecution and abuse of process. Specifically we must determine if plaintiff must allege absence of probable cause or favorable termination to support an abuse of process action. Although both actions include common elements of malice and improper application of process, actions for abuse of process and actions for malicious prosecution are fundamentally different in focus.

■ The elements of a malicious prosecution action are: (1) a previous prosecution, (2) instigation or procurement thereof by defendant, (3) termination of the prosecution by an acquittal or discharge of plaintiff, (4) want of probable cause, (5) malice in bringing the prosecution on the part of the defendant and (6) damage to plaintiff. *Vander Linden v. Crews,* Iowa, 231 N.W.2d 904, 905; *Liberty Loan Corp. of Des Moines v. Williams,* Iowa, 201 N.W.2d 462, 466.

■ The basis of an action for malicious prosecution consists of the wrongful initiation of an unsuccessful civil or criminal proceeding with malice and without probable cause. *Hyde Construction Co., Inc. v. Koehring Company,* 387 F.Supp. 702, 713 (S.D.Miss.1974); *Liberty Loan Corp. of Des Moines v. Williams,* supra, 201 N.W.2d 462, 466; 72 C.J.S. Process § 119, p. 1189.

The requisites of an action for abuse of process have not been consistently defined by our case law. As we point out infra two of our older cases indicate absence of probable cause must be alleged to support an abuse of process action. However, in *Ashland v. Lapiner Motor Co.,* 247 Iowa 596, 75 N.W.2d 357, we indicated we would follow the Restatement view on the subject; and recently in *Jones v. Iowa State Highway Commission,* Iowa, 207 N.W.2d 1, 4, we cite and quote Restatement, Torts, (1938). Section 682 thereof at page 464 on the subject of abuse of process states the general principle as: "One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby."

The tentative redraft of section 682 would add only "primarily" after the word "another." It is not pertinent to the pleading problem here presented.

The formulation of the rule is supported by the weight of recent authority and is fundamentally sound. Of importance is comment "a" to the Restatement of Torts section 682 (1938) which reads:

"a. The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings which were brought with probable cause and for a proper purpose or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

A number of courts have followed this formulation. See *Simkins Ind., Inc. v. Fuld & Co., Div. of Met. Gr., Inc.,* 392 F.Supp. 126 (E.D.Pa.1975); *Hyde Construction Co., Inc. v. Koehring Co.,* supra; *Hughes v. Swinehart,* 376 F.Supp. 650 (E.D.Pa.1974); *ADM Corp. v. Speedmaster Packaging Corp.,* 384 F.Supp. 1325 (D.N.J.1974); *Bohm v. Holzberg,* 47 A.D.2d 764, 365 N.Y.S.2d 262 (1975); See also 72 C.J.S. Process § 119, p. 1188; Prosser, Torts, 4th Ed., section 121.

Iowa has not always followed this approach. Language in at least two old cases indicates that absence of probable cause must be alleged to support an abuse of process action. See *Nix v. Goodhill,* 95 Iowa 282, 63 N.W. 701 (1895); *Shadden v. Butler,* 164 Iowa 1, 144 N.W. 329 (1913), *but see Bradshaw v. Frazier,* 113 Iowa 579, 85 N.W. 752 (1901). The first two cases no longer represent sound precedent and, to the extent inconsistent with this opinion, are hereby overruled.

A good statement of the rule is found in *Hyde Construction Co., Inc. v. Koehring Company,* pages 712, 713 of 387 F.Supp.:

"Abuse of process, * * *, is the intentional use of legal process for an improper purpose incompatible with the lawful function of the process by one with an ulterior motive in doing so, * * *. The improper use which is the essence of the tort is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself, and is, in Prosser's words, 'a form of extortion' in which a lawfully used process is perverted to an unlawful use. (Citation)."

III. For clarification of the distinctions between the two torts, the following should be considered:

"*Malicious use of process.* The fundamental distinction between malicious use and malicious abuse of process is that the first is an employment of process for its ostensible purpose, although without probable cause, whereas the second is employment of process for a purpose not contemplated by law. Another distinction is that, in case of malicious use, it must be shown that the action in which the process was used has terminated favorably to plaintiff in the suit at bar, whereas this is unnecessary in an action for malicious abuse." 72 C.J.S. Process § 119, p. 1188.

From the foregoing analysis, we are convinced the trial court was incorrect in determining that absence of probable cause and favorable termination were essential elements of an action for abuse of process. The dismissal of Count I of plaintiff's petition must therefore be set aside, and plaintiff's cause remanded to the trial court for further proceedings. In fairness to the trial court we must note inadequate briefing by plaintiff's counsel contributed to the erroneous ruling.

IV. Appellee has questioned whether an action for abuse of process can be grounded upon the initiation of commit-

**450**

ment proceedings under Code chapter 229. Our reading of this chapter convinces us that for the purpose of an action for abuse of process, the initiation and maintenance of such proceedings is sufficient to constitute "process." See *Maniaci v. Marquette University,* 50 Wis.2d 287, 184 N.W.2d 168; the annotation at 30 A.L.R.3d 455; 72 C.J.S. Process § 121, p. 1197.

Reversed and remanded.