STATE SAVINGS BANK OF HORNICK, Iowa, Appellant,

v.

ONAWA STATE BANK OF ONAWA, Iowa, Appellee.

No. 84–380.

Supreme Court of Iowa.

May 22, 1985.

Rehearing Denied June 24, 1985.

Craig A. Raby and Daryl L. Hecht of Crary, Huff, Clem, Raby & Inkster, P.C., Sioux City, for appellant.

Donald H. Capotosto of Morrow, Allen and Capotosto, Onawa, for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER and WOLLE, JJ.

SCHULTZ, Justice.

This appeal presents two banks dueling over the proceeds from the sale of construction equipment of a mutual debtor, each claiming priority with respect to this collateral through its respective security agreement and financing statement. The State Savings Bank of Hornick, Iowa, (Hornick Bank) brought this action against the Onawa State Bank of Onawa, Iowa, (Onawa Bank) for an accounting of the funds it received from the sale of the collateral of the mutual debtor, Roy B. Johnston. After

trial to the court the district court dismissed the Hornick Bank's action. On appeal we transferred this case to the court of appeals which affirmed the trial court ruling. We granted further review and vacate the decision of the court of appeals. We reverse and remand to the district court.

At this stage of the action the facts are largely undisputed. In May 1972 Johnston borrowed money from the Onawa Bank which took a security interest in his business equipment. Although the financing statement should have been filed with the Secretary of State, the Onawa Bank filed it with the Woodbury County Recorder. In 1976 the Hornick Bank loaned Johnston money; it also took a security interest in his business equipment. On March 29, 1976, the Hornick Bank filed its financing statement with the Secretary of State. The Hornick Bank was aware that Johnston had used his business equipment as collateral for a loan from the Onawa Bank.

Both banks continued to do business and rely upon their respective security interests. The Onawa Bank filed a continuation statement with the Woodbury County Recorder in April 1977. The Hornick Bank filed a continuation statement with the Secretary of State in February 1981. On May 21, 1981, the Onawa Bank filed a financing statement dated May 14, 1981, with the Secretary of State.

Johnston ceased business as a construction contractor at the end of 1981. He sold his equipment at public auction in the summer of 1982 and applied the proceeds of the sale to his loan with the Onawa Bank. The proceeds of the sale were insufficient to satisfy the secured loan of either bank.

In the action that led to this appeal, the Hornick Bank claimed priority over the proceeds from the sale of the collateral by virtue of its perfected security interest, properly filed with the Secretary of State. The trial court rejected this contention, finding that although the Onawa Bank's prior financing statement was filed in the wrong office, it was effective against the Hornick Bank pursuant to Iowa Code section 554.9401(2) (1983) because the Hornick Bank had knowledge of its contents.

On appeal the Hornick Bank challenged the trial court's fact-finding that it had knowledge of the contents of the Onawa Bank's financing statement and the trial court's failure to hold that the Onawa Bank's security interest lapsed pursuant to Iowa Code section 554.9403(2) (1983). On further review before this court the Hornick Bank abandoned its first argument, relying solely on the issue of the effectiveness of the five-year lapse provision contained in subsection 554.9403(2). Before addressing the merits of this contention, we shall examine the Onawa Bank's claim concerning error preservation. The Onawa Bank contends that the issue of the alleged lapse of its financing statement was neither pleaded nor raised in the trial court. We find no merit in this contention.

■ We agree with the statements of both parties that matters not raised in the trial court cannot be raised for the first time on appeal. This situation does not exist in the present case, however. Although the Hornick Bank's petition did not refer specifically to a lapse pursuant to subsection 554.9403(2), it did refer to the Hornick Bank's continuation statement, asserting that the Hornick Bank has a superior position concerning the proceeds from the sale of the collateral. Under notice pleading, Iowa R.Civ.P. 69(a), a petition is not required to identify a specific legal theory; "it is sufficient if the petition apprises a defendant of the incident giving rise to the claim and of the general nature of the action." *Soike v. Evan Matthews and Co.*, 302 N.W.2d 841, 842 (Iowa 1981). Not only did the petition give the defendant fair notice of the claim, but we also note that both parties address the issue of lapse under subsection 554.9403(2) in their trial briefs. The contention that error was not preserved is without merit.

In order to discuss whether the Onawa Bank's financing statement lapsed, we will briefly review our statutory scheme concerning priority among conflicting security interests and the perfection of a security

interest. We limit this discussion to rights between creditors rather than rights between the creditor and the debtor.

■ Our present statutory scheme allocates priority among conflicting security interests in the same collateral, such as the non-purchase money security interest in equipment we have here, according to the time of filing or perfection. Iowa Code § 554.9312(5)(a)(b) (1983). Prior to the adoption of the Uniform Commercial Code in 1965, presently chapter 554, an unrecorded or improperly recorded security instrument was only invalid against a party without notice. *Zacharia v. M.C. Cohen Co.,* 140 Iowa 682, 685, 119 N.W. 136, 137 (1909). Following the statutory change the time of perfection became the key element in priority.

■ Perfection may be accomplished by filing a financing statement in the proper place; a financing statement also is effective against any person who has knowledge of the contents if there has been a good faith filing in an improper place. § 554.-9401. As we have indicated, the Onawa Bank filed its financing statement in an improper place; nevertheless, its filing was effective against the Hornick Bank due to the Hornick Bank's knowledge of the contents.

With these principles in mind, we now address the issue of whether a lapse occurred causing a perfected security interest to become unperfected. The Hornick Bank claims that the effectiveness of the Onawa Bank's security interest lapsed when the Onawa Bank failed to properly file a continuation statement with the Secretary of State pursuant to Iowa Code section 554.-9403(2). The Onawa Bank, on the other hand, maintains that it filed a continuation statement with the Woodbury County Recorder which prevented lapse. These contentions require our examination of subsection 554.9403(2) which provides in pertinent part as follows:

> Except ..., a filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses

on the expiration of the five-year period unless a continuation statement is filed prior to the lapse.... Upon lapse the security interest becomes unperfected, unless it is perfected without filing. If the security interest becomes unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

Subsection 554.9403(2) clearly limits the effectiveness of a perfected financing statement to a period of five years from the filing date. The security interest then lapses and is deemed to be unperfected unless a continuation statement is filed prior to the expiration of the five-year period. Unlike section 554.9401 which specifies the proper place to file a financing statement to perfect a security interest, section 554.-9403 does not designate the proper place to file a continuation statement. The Hornick Bank asserts that the proper place to file a continuation statement would be the place designated in section 554.9401 for filing a financing statement, the office of the Secretary of State. The Onawa Bank contends that the only place it could file a continuation statement was the place where the financing statement was filed, the Woodbury County Recorder's Office. The court of appeals held that the filing of the continuation statement in the Woodbury County Recorder's Office was effective, denying the Hornick Bank a preferred position in the proceeds of the collateral.

■ We construe subsection 554.9403(2) to imply that the continuation statement should be filed in the same office designated for the filing of the financing statement. It is logical and sensible that the filing place of a continuation statement should be at the proper place for the filing of the instrument it seeks to continue, the financing statement. We do not agree with the conclusion that filing the continuation statement in the same office where the improper filing of the financing statement occurred is sufficient to prevent lapse.

■ The purpose of filing a continuation statement is to give notice to all creditors that a financing statement continues to be valid after the expiration of five years. There are 100 or more offices in Iowa that file financing statements. A financing statement filed in an improper place is effective against a junior creditor if it has actual knowledge of the contents of the financing statement, not actual knowledge of the improper filing place. § 554.9401(2). In the present case there is no evidence in the record that the Hornick Bank had actual knowledge of the filing of the financing statement or the continuation statement in Woodbury County. A creditor should only be required to make a search for a continuation statement in one office, the office where the financing statement and continuation statement should be filed. Unlike subsection 554.9401(2), which provides that a financing statement filed in an improper place will be effective against junior creditors having actual knowledge of the contents, subsection 554.9403(2) does not create a specific exception for a continuation statement filed in an improper place. We conclude that filing a continuation statement in the improper place is the equivalent of not filing; it does not prevent lapse.

■ The Onawa Bank urges that the Woodbury County Recorder's Office was the only place that it could file its continuation statement. In a post-submission motion it asks us to take judicial notice that a financial statement originally filed with a county recorder cannot be continued by filing a continuation statement in the office of the Secretary of State. We decline this request.

The Onawa Bank's request is based upon the hearsay statement of a supervisor from the office of the Secretary of State that such a continuation statement would not be accepted for filing. We do not believe that judicial notice is proper in this situation. We also note that the only requirements for filing a financing statement are presentation of the instrument and tender of the filing fee. § 554.9403(1). Although we need not decide whether presentation of the continuation statement for filing along with the fee constitutes a filing, a strong argument could be made for this proposition. However, a better solution exists for the proposed dilemma caused by refusal of the Secretary of State to accept and file a continuation statement when the financing statement is not on file. The financing statement should be refiled in the correct place and, if necessary to extend the five years, a continuation statement also should be filed.

The Onawa Bank finally contends that a competing secured creditor who has actual as well as constructive knowledge of the contents of a senior creditor's financing statement cannot become elevated to a priority ahead of the senior secured party when the senior creditor fails to file a continuation statement. It claims that as late as 1979 or 1980 the Hornick Bank had actual knowledge that the Onawa Bank's security interest had priority. Subsection 554.9403(2) provides in plain terms that the security interest becomes unperfected upon lapse; it is then deemed to "have been unperfected as against a person who became a purchaser or lien creditor before lapse." In effect we are asked to append an exception to the lapse provision based on actual knowledge of the prior security interest. This proposed exception would be similar to the subsection 554.9401(2) exception which excuses the filing of a financing statement in an improper place when the junior creditor has actual knowledge of the contents of the senior creditor's financing statement.

Subsection 554.9401(2) has been described as a "saving clause" and as a "backward-looking provision that allows the judge to clean up a mess after the fact." J. White & R. Summers, *Handbook of the Law Under the Uniform Commercial Code*, § 23.15 (2d ed. 1980). This *savings clause* has been clearly stated in subsection 554.9401(2), however. Neither similar language nor a hint that such an exception was intended can be found in subsection 554.9403(2).

■ Further, reason dictates a result contrary to the Onawa Bank's claim. As we indicated earlier, by the enactment of the Uniform Commercial Code we abandoned the rule that a junior lienholder's actual knowledge of a senior lien prevented the junior lienholder from asserting his priority over the senior lienholder by a prior filing. Generally, upon lapse of a senior perfected security interest, the holder of a junior perfected security interest advances in priority. *Frank v. James Talcott Inc.,* 692 F.2d 734, 739 (11th Cir.1982); *Security National Bank and Trust Co. v. Dentsply Professional Plan,* 617 P.2d 1340, 1343 (Okla.1980); *Morse Electro Products Corp. v. Beneficial Industrial Loan Co.,* 90 Wash.2d 195, 200, 579 P.2d 1341, 1343–44 (1978); 69 Am.Jur.2d *Secured Transactions* §§ 425, 426 (1973). We find the statements of the Oklahoma court in *Security National Bank* to be especially appropriate:

> When a lapse occurs the security interest—by uniform holdings—becomes unperfected as against all other interests. This results in the holder of a perfected security interest being advanced in priority, even though before the lapse that interest was junior....
>
> Although strict adherence to the Code requirements may at times lead to harsh results, efforts by courts to fashion equitable solutions for mitigation of hardships experienced by creditors in the literal application of statutory filing requirements may have the undesirable effect of reducing the degree of reliance the market should be able to place on the Code provisions. The inevitable harm doubtless would be more serious to commerce than the occasional harshness from strict obedience.

617 P.2d at 1343.

Finally, acceptance of the Onawa Bank's contention would give a senior creditor who files a financing statement in the wrong office, but perfects the security interest by actual notice, a bonus. If we except this situation from the five-year limitation of subsection 554.9403(2) because of previous actual knowledge of the financing statement, a financing statement filed in an improper place would be effective longer than a properly filed financing statement and would have no provision for termination. We do not attribute such an intent to the drafters of the Uniform Commercial Code.

■ In summary, we hold that the Onawa Bank's failure to file a continuation statement in the office of the Secretary of State allowed its security interest, effective against the Hornick Bank due to actual knowledge, to lapse and become unperfected. Thus, it became subordinate to the security interest held by the Hornick Bank which was perfected by proper filing of the financing statement and continuation statement in the Secretary of State's Office. The belated filing in May 1981 by the Onawa Bank was of no aid to it, because it could not restore the priority previously lost. The decision of the court of appeals is vacated, and the judgment of the trial court is reversed. This matter is remanded for the entry of judgment in favor of the State Savings Bank of Hornick, Iowa, in the amount of $34,175.10 with interest at the statutory rate from the date of the commencement of this action.

DECISION OF COURT OF APPEALS VACATED AND JUDGMENT OF DISTRICT COURT REVERSED AND REMANDED.