**Anne M. AHRENS, Plaintiff-Appellant,**

v.

**George L. AHRENS, Defendant-Appellee.**

No. 84–1971.

Court of Appeals of Iowa.

Jan. 29, 1986.

James Waters and James Cook, of Cook & Waters, Des Moines, Iowa, for plaintiff-appellant.

Alan Schroeder, of Schroeder & Schroeder, Boone, Iowa, for defendant-appellee.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

The plaintiff sued her former husband for abuse of process and intentional infliction of emotional distress after he allegedly caused her to be jailed as part of a contempt proceeding arising from a child custody dispute. A jury returned a verdict for the defendant, and the plaintiff has appealed from the resulting judgment. She contends the trial court erred in instructing the jury that advice of counsel could be a defense to a suit for abuse of process. She also contends the trial court erred by refusing to submit to the jury the tort of intentional infliction of emotional distress. We reverse and remand.

The parties to this action, Anne and George Ahrens, were divorced in 1980. The dissolution decree provided that George was to have custody of the three minor children.

Two months after the decree was entered, Anne was found in contempt of court for failing to transfer the children's physical custody to George. The contempt order sentenced Anne to fifteen days in jail but provided that the mittimus would not issue if Anne delivered the children to George by a specified time. Anne did deliver the children by the specified time, but two of them refused to stay at George's house and instead returned to Anne's house. At this point Anne refused to force the children to return to George's house, in spite of George's demands. George then filed an affidavit with the local clerk of court alleg-ing that Anne had failed to "transfer custody" of the children in accordance with the contempt order. Anne was thereupon arrested at her place of employment and was jailed for two and one-half days. She was released after filing a writ of habeas corpus.

Anne later filed the present lawsuit against George alleging abuse of process and intentional infliction of emotional distress. A jury returned a verdict in George's favor on the only tort submitted to the jury, abuse of process. Anne has appealed from the resulting judgment.

I.

At the close of evidence, the trial court instructed the jury as follows:

> Defendant asserts an affirmative defense that he acted on the advice of counsel which resulted in the issuance of the mittimus.
>
> Where a person is acting under the advice of his counsel and proceeded as he was advised to proceed in reliance on the advice of counsel, this is a defense to an action for abuse of process, (a) if the advice is sought in good faith and (b) if the advice is given by counsel after a full disclosure of the facts within the defendant's knowledge and information.
>
> If the defendant has established (a) and (b) of the foregoing propositions by a preponderance of the evidence, then defendant has established this proposition.

Anne claims that this instruction is an erroneous statement of the law. Specifically, she argues that advice of counsel is a defense for malicious prosecution, not abuse of process.

In *Liberty Loan Corp. of Des Moines v. Williams*, 201 N.W.2d 462, 465 (Iowa 1972), the supreme court held that "the advice of counsel obtained in good faith upon a full and fair disclosure of all of the facts in possession of a party is a complete defense to an action for malicious prosecution." The question now before us is whether this defense is also available in abuse of process claims, a distinct yet closely-related tort. In making this deter-

mination, it is important to consider the rationale in allowing the defense in malicious prosecution actions, and whether the same rationale would be applicable in abuse of process actions.

 The basis of an action for malicious prosecution consists of the wrongful initiation of an unsuccessful civil or criminal proceeding with malice and without probable cause. *Sarvold v. Dodson*, 237 N.W.2d 447, 448 (Iowa 1976). Reliance on advice of counsel may have the effect of establishing probable cause, thereby leaving an element of the tort unsatisfied. *See Liberty Loan*, 201 N.W.2d at 465. Further, while not specifically recognized in Iowa, the Restatement (Second) of Torts indicates that advice of counsel may be relevant in determining whether the purpose of initiating the proceedings was proper:

> **h. Advice of counsel.** The fact that the proceedings were initiated under the advice of counsel is a factor to be considered by the jury in determining whether the prosecutor's purpose in initiating them was proper. When the alleged impropriety lies in the fact that the proceedings were inspired solely by a desire to injure the accused, the advice of counsel is obviously immaterial. The same is true of the advice of an attorney that criminal proceedings may properly be instituted against a person whom the accuser knows to be innocent. However, since there can be no proper purpose for the initiation of criminal proceedings without a belief in the guilt of the accused, and since the accuser's belief may be largely determined by the advice of counsel, his reliance upon the attorney's advice may be a factor for the jury to consider in determining the propriety of his purpose.

Restatement (Second) of Torts § 668 comment h (1977).

We find, however, that neither reason for allowing the defense is applicable in an abuse of process action. The principles behind abuse of process have been stated as follows: "[o]ne who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." Restatement (Second) of Torts § 682 (1977) *quoted in Mills County State Bank v. Roure*, 291 N.W.2d 1, 4 (Iowa 1980).

> The improper use which is the essence of the tort is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is, in Prosser's words, "a form of extortion" in which a lawfully used process is perverted to an unlawful use.

*Sarvold*, 237 N.W.2d at 449 (quoting *Hyde Construction Co. v. Koehring Co.*, 387 F.Supp. 702, 713 (S.D.Miss.1974)).

 In contrast to malicious prosecution, the absence of probable cause is not an essential element of abuse of process. *Id.* at 449. Thus, to the extent that advice of counsel is used to negate this element in malicious prosecution actions, it would not be relevant in abuse of process actions.

Further, we find that advice of counsel is not a defense to the "improper purpose" requirement of abuse of process claims. Both torts share the requirement of some sort of improper purpose or malice, and advice of counsel is considered relevant to this element in malicious prosecution actions. However, section 668, comment h of the Restatement (Second) of Torts makes it clear that the relevance of this defense is limited and does not include proceedings "which were inspired solely by a desire to injure the accused." Although this comment was intended to refer to malicious prosecution, we find it to be of some value since it encompasses the type of improper purpose found in abuse of process claims. In other words, the statement reflects a policy consideration equally applicable to the present case. When a person threatens someone or attempts to extort money, advice of counsel will not excuse the impropriety of this purpose.

 We hold that advice of counsel is not a defense for abuse of process claims.

This view is consistent with that expressed in other jurisdictions. *See, e.g., Flynn v. Songer,* 399 S.W.2d 491, 495 (Ky.Ct.App. 1966); *Mullins v. Sanders,* 189 Va. 624, 634, 54 S.E.2d 116, 121 (1949); 1 Am.Jur.2d *Abuse of Process* § 23 (1962) (it is no defense to an action for abuse of process that plaintiff acted under advice of counsel, but evidence thereof may be produced in mitigation of damages).

In the present case the jury was instructed that advice of counsel was a defense which could be considered. We find this constitutes reversible error and remand for a new trial on the abuse of process claim.

## II.

Anne also contends that the trial court erred in refusing to instruct the jury on intentional infliction of emotional distress. She claims the tort was adequately raised in the pleadings. She also claims that even if the tort was not adequately raised in the pleadings, it was tried by consent. As such, Anne asserts the trial court should have permitted her to amend the pleadings to conform to proof. We agree.

> Parties to a lawsuit have a right to have their legal theories submitted to the jury as long as they are supported by the pleadings and substantial evidence. *Lockard v. Carson,* 287 N.W.2d 871, 875 (Iowa 1980). Even when the evidence is not in dispute, it is viewed in the light most favorable to the party requesting the instruction, and if reasonable minds might draw different inferences from the evidence a jury question is engendered. *See Oak Leaf Country Club, Inc. v. Wilson,* 257 N.W.2d 739, 744 (Iowa 1977).

*Anderson v. Low Rent Housing Commission of Muscatine,* 304 N.W.2d 239, 249 (Iowa 1981).

■ In the present case, the pleadings properly raise intentional infliction of emotional distress. Paragraph 8 of Anne's petition provides:

> That said affidavit is false on its face, is made with the intention of causing the Plaintiff to be jailed unjustifiable, to humiliate her in the community, to cause

the loss of her employment and *to intentionally inflict severe mental anguish.* (Emphasis added). Certainly the claim could have been raised with more particularity; however, the petition is sufficient to apprise the defendant of the incident giving rise to the claim and of the general nature of the claim. Under Iowa's notice pleading standards, this is all that is required. *See* Iowa R.Civ.P. 69; *see also State Savings Bank v. Onawa State Bank,* 368 N.W.2d 161, 163 (Iowa 1985).

■ George argues that subsequent pretrial orders established the theory of recovery as abuse of process. It is claimed that pursuant to Iowa Rule of Civil Procedure 138 the orders should control the subsequent course of action. We disagree. George correctly states the principle set forth in Rule 138. However, contrary to George's assertion, the orders in question do not serve to limit the issues in this case.

Two pretrial orders were filed, one dated November 8, 1982, and the other dated October 28, 1984. The 1982 order consists of the judge's informal notes which depict the nature of the case as an "unlawful contempt action." Pursuant to the order, the notes constitute the record of the pretrial conference. The 1984 order is of a similar form. However, in that order the judge's formal notes characterize the nature of the case as "abuse of process."

Neither order indicates that the parties intended to abandon or waive any issues; nor is there any indication that the orders were intended to have the effect of limiting the issues to be considered at trial. *Compare Adam v. Mt. Pleasant Bank & Trust,* 355 N.W.2d 868, 871 (Iowa 1984). As we view it, they merely represent informal notes taken by a judge; attaching any legal meaning beyond this would misrepresent the nature of the orders.

■ Finally, we note that evidence was presented at trial on the issue of intentional infliction of emotional distress. In fact, it is apparent from the record that both the defendant and the trial judge treated it as an issue throughout the trial. At the close

of the plaintiff's case, George moved for a directed verdict on two claims: abuse of process and intentional infliction of emotional distress. More importantly, the trial judge specifically overruled both motions in relevant part, stating:

> With regards to defendant's second allegation with—the motion for directed verdict as it relates to the allegation of severe mental stress and outrageous conduct, *the court finds there is evidence in that regard from the statements by the plaintiff, and that it is a factual situation for the fact-finders to determine.*
>
> It's for the jury to determine whether or not the facts and circumstances from the testimony as to whether or not there was severe mental stress and outrageous conduct.

(Emphasis added.) Defendant also moved for a directed verdict on the issues at the close of all the evidence; both motions were again overruled.

The trial court's refusal to instruct the jury on intentional infliction of emotional distress cannot be reconciled with its rulings on these motions. The court specifically determined that a fact question had been generated on the issue. As such, the jury should have been instructed to consider the issue. Furthermore, we find that the presentation of the issue would not have prejudiced the defendant. It is obvious from his motions he was aware of the claim through the trial and had sufficient notice to rebut plaintiff's evidence.

We hold that it was error for the trial court to refuse to instruct the jury on intentional infliction of emotional distress and remand for a new trial on this issue.

REVERSED AND REMANDED.