Jerry Wayne KLEISS, Plaintiff,

v.

Michael SHORT, David Ireland, H.D. Jones, K.R. Beaird, Gary Ramaker, R.L. Dobson, Gerald D. Gander, Shelby County Missouri, Shelby County Missouri Prosecuting Attorney, and Gary Davis, Defendants.

No. 4–91–CV–80715.

United States District Court,
S.D. Iowa, C.D.

Nov. 4, 1992.

Jeffrey M. Lipman of Lipman Law Firm, P.C., Urbandale, Iowa, for plaintiff.

No appearance for defendants.

## FURTHER INITIAL REVIEW ORDERS

WOLLE, Chief Judge.

Plaintiff Jerry Wayne Kleiss, an inmate in an Iowa prison, filed this complaint pro se asserting claims pursuant to 42 U.S.C. § 1983, with jurisdiction predicated on 28 U.S.C. §§ 1343, 1367, and 1391. The court appointed counsel to represent him and granted him leave to proceed in forma pauperis. The initial review order required that he amend his complaint. He has done so.

Plaintiff's amended complaint asserts claims for damages against several law enforcement officers: Michael Short, Lee County Attorney; David Ireland, sheriff of Lee County; H.D. Jones, a deputy sheriff;

K.R. Beaird, a police officer for the City of Keokuk; Gary Ramaker, a detective for the City of Keokuk; R.L. Dobson, a police officer for the City of Keokuk; Gerald D. Gander, an employee of the Shelby County, Missouri, sheriff's office, Shelby County, Missouri; an unidentified Shelby County, Missouri; prosecutor; and Gary Davis of Keokuk, Iowa. He contends some defendants searched his home twice, pursuant to a warrant, and seized "articles" and documents. He was charged in the Iowa District Court for Lee County with possession of burglary tools. He asserts that Sheriff Ireland issued a news release which was "over-broad with no basis in independent fact." He contends that additional charges were brought against him in Marion and Louisa counties as a result of the news release. He apparently was offered a plea bargain on charges in all three counties and pleaded guilty. He also asserts that some defendants instigated the Marion and Louisa County charges, as well as charges in Shelby County, Missouri, in retaliation for his refusal to cooperate with their investigation of him.

The operative portion of the complaint consists of a section labeled "Facts" and a section labeled "Abuse of Process." In the jurisdictional allegations, plaintiff asserts the case is brought under section 1983 and that jurisdiction is grounded upon 28 U.S.C. § 1367 (supplemental jurisdiction), in addition to section 1343 (civil rights jurisdiction). For purposes of this review, the court will treat the complaint as advancing both a section 1983 civil rights claim and a supplemental abuse of process tort claim under Iowa common law.

■ To state a claim under section 1983, a plaintiff must allege that he was deprived of his constitutional or federal statutory rights by defendants while defendants were acting under color of state law. An action brought by a plaintiff proceeding in forma pauperis may be dismissed if the claim is malicious or frivolous. 28 U.S.C. § 1915(d); *Horsey v. Asher*, 741 F.2d 209, 211 (8th Cir.1984). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

■ *Section 1983 Claim.* "Section 1983 provides a remedy only for violations of rights secured by federal statutes or the Constitution." *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir.1990). For instance, malicious prosecution "by itself is not punishable under section 1983 because it does not allege a constitutional injury." *Id.* The common law torts of malicious prosecution and abuse of process are closely related. *See Sarvold v. Dodson*, 237 N.W.2d 447, 448–49 (Iowa 1976) (discussing differences between the two causes of action). Abuse of process requires use of legal process for a purpose other than that for which it was intended—a "form of extortion." *Id.* at 449 (internal citations omitted). It has been recognized that the same limits that apply to section 1983 claims based on malicious prosecution also apply to claims that are in essence abuse of process claims. *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 845 (7th Cir. 1978). In short, a plaintiff pursuing a section 1983 action that is also the common law tort of abuse of process must allege more than would be necessary to state a claim for abuse of process. The facts pleaded must be sufficient to assert arguably a constitutional injury.

■ Plaintiff has alleged that defendants issued a press release which was "over-broad with no basis in independent fact." As a result of this release, he was charged with crimes in three counties, and he pleaded guilty in a plea bargain. Plaintiff does not state an arguable claim that his due process rights were violated, and the court is unable to discern any other relevant constitutional injury.[1] Stripped to

1. The Eighth Circuit's decision in *Gunderson v. Schlueter*, 904 F.2d 407 (8th Cir.1990), is instructive. In that case, a conservation officer who "appears to have acted on a personal vendetta" brought criminal charges against plaintiff, a re- sort operator. *Id.* at 410. The plaintiff was acquitted of the charges and brought a section 1983 suit. The court held there was no constitutional injury; plaintiff received the procedural due process to which he was entitled, and the

**728**

essentials, plaintiff claims that he committed crimes but would not have been charged with criminal offenses if defendants had not issued their press release. Plaintiff has no constitutional right to have his crimes remain undiscovered. He does not allege a constitutional injury for which he has a legitimate damage claim. The section 1983 claim is frivolous.

*Abuse of Process Claim.* The court declines to exercise supplemental jurisdiction over plaintiff's pendent state law claim, having dismissed the section 1983 claim over which it has jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

*Summary.* Plaintiff's section 1983 claim is dismissed as frivolous. *See* 28 U.S.C. § 1915(d). The court declines to exercise jurisdiction over the abuse of process claim. This action is dismissed.

IT IS SO ORDERED.

officer's conduct, which was much more egregious than that alleged here, was not sufficiently outrageous to support a substantive due process claim. *Id.* at 410–11.