United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20776
Summary Calendar

ARCADE JOSEPH COMEAUX, JR.,

Plaintiff-Appellant,

versus

MACKWANI; DR. LARRY LARGENT; DR. NAIK; DANIEL C.
MAYER; DR. DIMAUNAHAN; PHILLIP PERRY, Lieutenant,

Defendants-Appellees.

--------------------------------------------

ARCADE JOSEPH COMEAUX, JR.,

Plaintiff-Appellant,

versus

RICK THALER,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:00-CV-3812
USDC No. 4:01-CV-1411
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arcade Joseph Comeaux, Jr., Texas prisoner #841331, appeals the district court's grant of summary judgment and dismissal with prejudice of his 42 U.S.C. § 1983 complaint in Cause No. 4:00-CV-3812. We review the district court's grant of summary judgment in favor of Dr. Naik and the dismissal of Comeaux's claims against the remaining defendants de novo. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir.), cert. denied, 540 U.S. 826 (2003); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). As Comeaux has appealed only the denial of his claims relating to his alleged need for physical therapy and for the denial of medical care in connection with his fall on October 16, 2000, all of his other claims alleging the denial of necessary medical care have been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

After reviewing the record and the briefs submitted by the parties, we conclude that the district court did not err in granting Dr. Naik's summary judgment motion and in denying Comeaux's summary judgment motion. See Hare v. City of Corinth, 135 F.3d 320, 325-26 (5th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 832, 837 (1994). Moreover, the record does not support Comeaux's allegations that Dr. Naik provided incomplete and incompetent summary judgment evidence; that the district court improperly considered Comeaux's criminal history and the security concern he presented in the prison; that the district court improperly considered medical records that were presented during

the <u>Spears</u>** hearing; that Comeaux's due process rights were violated because he did not have access to certain records during the <u>Spears</u> hearing; and that Comeaux's due process rights were violated because he was not aware during the <u>Spears</u> hearing that the instant case would be consolidated with Cause No. 4:01-CV-1411. We also conclude that the district court did not abuse its discretion in denying Comeaux's motion to compel discovery. <u>See</u> <u>Mayo v. Tri-Bell Indus., Inc.</u>, 787 F.2d 1007, 1012 (5th Cir. 1986).

We do conclude, however, that the district court abused its discretion in consolidating <u>Comeaux v. Mackawani</u>, Cause No. 4:00-CV-3812, with <u>Comeaux v. Thaler</u>, 4:01-CV-1411. <u>See</u> <u>Dillard v. Merrill Lynch, Pierce, Genner & Smith, Inc.</u>, 961 F.2d 1148, 1161 (5th Cir. 1992). With the exception of the fact that Comeaux raised Eighth Amendment claims in both civil rights suits, the suits did not involve common questions of law and fact. <u>See</u> FED. R. CIV. P. 42(a).

In addition, while the district court was correct that Warden Rick Thaler, a defendant in Cause No. 4:01-CV-1411, could not be held vicariously liable for the actions of his employees, it erred in finding that the warden was sued only in his supervisory capacity. Comeaux's complaint, liberally construed, alleged that Warden Thaler had personal knowledge that the Estelle High Security Prison Unit was not equipped to meet

---

** <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985).

Comeaux's special needs and that the failure to meet his special needs would result in the denial to Comeaux of the basic necessities of life. In addition, contrary to the district court's finding, there is no indication that the remaining defendants named in Cause No. 4:01-CV-1411 were following the orders of Dr. Naik. Accordingly, we VACATE the district court's consolidation of Cause Nos. 4:00-CV-3812 and 4:01-CV-1411 and the dismissal of the defendants named in Cause No. 4:01-CV-1411. Cause No. 4:01-CV-1411 is REMANDED to the district court for further proceedings. Comeaux's motion for appointment of counsel on appeal is DENIED.

AFFIRMED IN PART (CAUSE NO. 4:00-CV-3812); VACATED AND REMANDED IN PART (Cause No. 4:01-CV-1411); MOTION FOR APPOINTMENT OF COUNSEL DENIED.