# IN THE SUPREME COURT OF IOWA

No. 11–0444

Filed May 18, 2012

**ROBERT M. JOHNSON,** Trustee of the Robert M. Johnson
Revocable Living Trust, and **KATHRYN M. ZIMMER**,
    Appellees,

vs.

**DES MOINES METROPOLITAN WASTEWATER
RECLAMATION AUTHORITY,** Acting by and Through its
Operating Contractor, the City of Des Moines,
    Appellant.

------------------------------------------------------------------------

**ROBERT M. JOHNSON,** Trustee of the Robert M. Johnson
Revocable Living Trust, **KATHRYN M. ZIMMER**,
and **RMJ FARMS, LLC,**
    Appellees,

vs.

**POLK COUNTY AVIATION AUTHORITY,**
    Appellant.

---

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Condemners appeal the district court's order to consolidate separate condemnation appeals under Iowa Rule of Civil Procedure 1.913. **REVERSED AND REMANDED.**

Gary D. Goudelock, Jr. and Glenna K. Frank of City of Des Moines, for appellant Des Moines Metropolitan Wastewater Reclamation Authority.

James E. Nervig of Brick Gentry P.C., West Des Moines for appellant Polk County Aviation Authority.

Bernard L. Spaeth, Jr., Kevin M. Reynolds, and Kimberly S. Bartosh of Whitfield & Eddy, P.L.C., Des Moines, for appellees.

**WATERMAN, Justice.**

In this interlocutory appeal, we review the district court's ruling consolidating condemnation appeals from proceedings by two separate condemning authorities taking property four months apart from the same parent tract of farmland. The landowner, Johnson Farms,[1] moved to consolidate its appeals pursuant to Iowa Rule of Civil Procedure 1.913, contending they present common questions of law or fact and that consolidation would promote judicial economy and protect against inconsistent verdicts valuing the same land close in time. Johnson Farms' motion was resisted by both condemning authorities, the Polk County Aviation Authority (PCAA) and the Des Moines Metropolitan Wastewater Reclamation Authority (WRA).

The district court consolidated the appeals, finding common questions of law or fact and a lack of prejudice. The district court found consolidation would promote judicial economy and that potential prejudice or jury confusion could be avoided through jury admonitions and instructions. We respectfully disagree and note the dearth of authorities supporting consolidation of condemnation appeals under these unique circumstances. The trials will involve overlapping evidence to ascertain just compensation for each taking from the same parent tract. But the fact finders must determine just compensation for different types of takings by separate condemning authorities four months apart for unrelated projects. Certain evidence in each case is inadmissible in the other. This creates a substantial risk of prejudice and jury confusion. For that reason, we conclude consolidation was an

---

[1]Johnson Farms collectively refers to Robert M. Johnson, trustee of the Robert M. Johnson Revocable Living Trust, and Kathryn M. Zimmer.

abuse of discretion here. Accordingly, we reverse the district court's consolidation order and remand the cases for separate trials.

## I. Background Facts and Proceedings.

Before the condemnations at issue, Johnson Farms owned 65.93 acres of agricultural land near the growing Des Moines suburb of Ankeny.[2] The acreage borders the east side of the Ankeny Regional Airport along Northeast 29th Street. Johnson Farms is no stranger to condemnation proceedings. PCAA condemned nearly sixteen acres of land to expand the airport in 1993 and 2001. In 2009, the City of Ankeny condemned a .5-acre easement from this same parcel to lay new waterlines and expand a roadway.

PCAA and WRA commenced their condemnations in 2010, four months apart. In February, PCAA filed an application to condemn 4.17 acres in fee simple to extend the Runway Protection Zone for Runway 22 and relocate Northeast 29th Street. On March 24, a six-member condemnation commission awarded Johnson Farms $345,000 as just compensation. Johnson Farms appealed to the district court.[3]

On June 21, WRA filed an application to condemn Johnson Farms' land adjacent to PCAA's 4.17-acre condemnation. WRA is constructing the Four Mile Interceptor Sewer, which would run a sanitary sewer from the Ankeny Southeast Water Pollution Control Plant to north Des Moines. WRA sought to condemn .92 acres for a permanent sanitary sewer easement and 9.43 acres for a temporary construction easement.

---

[2]The City of Ankeny's population grew sixty-nine percent over the last decade, increasing from 27,117 in 2000 to 45,852 in 2010. City of Ankeny, *Population Basics*, http://www.ankenyiowa.gov/Index.aspx?page=112 (last visited March 23, 2012).

[3]This appeal was consolidated with another PCAA condemnation appeal concerning land south of Johnson Farms, located on RMJ Farms. PCAA and RMJ Farms have since settled the RMJ proceeding.

The temporary construction easement is adjacent to the eastern edge of the PCAA taking. A different six-member commission compensated Johnson Farms $87,000 for the easements on August 2. Johnson Farms also appealed this commission's damage award to the district court.

Johnson Farms moved to consolidate the two appeals into a single district court proceeding under Iowa Rule of Civil Procedure 1.913. Johnson Farms argued the appeals require the juries to hear similar valuation evidence and make similar valuation determinations. Consolidation, therefore, would protect against inconsistent jury compensation verdicts. Johnson Farms indicated it planned to argue the condemning authorities' multiple takings of adjacent land close in time had a "combined effect" of reducing the value of their remaining land. PCAA and WRA argued there were no common questions of fact because the appeals involved different land, property interests, and condemning authorities. The authorities also argued consolidation would prejudice them by permitting the jury to hear inadmissible and confusing evidence and improperly measure the damages.

The district court granted Johnson Farms' motion to consolidate. It found "the cases raise similar legal issues and that the evidence would be substantially the same in both actions." The district court also determined consolidation "would not cause jury confusion but would rather provide a complete picture of the allegations." Further, any dissimilar issues could be "remedied by proper jury instructions and admonitions to the jury." The district court concluded consolidation "would promote judicial economy and save costs to all parties."

WRA and PCAA filed an application for an interlocutory appeal of the district court's consolidation order. We granted the application and retained the appeal.

## II. Scope of Review.

We review the district court's consolidation ruling for abuse of discretion. *Kent Feeds, Inc. v. Manthei,* 646 N.W.2d 87, 90 (Iowa 2002). "[T]he question as to whether actions should be consolidated for trial rests largely within the discretion of the trial court." *Schupbach v. Schuknecht,* 204 N.W.2d 918, 920 (Iowa 1973). We will find the district court abused its discretion when it exercises " 'discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *Everly v. Knoxville Cmty. Sch. Dist.,* 774 N.W.2d 488, 492 (Iowa 2009) (quoting *Schettler v. Iowa Dist. Ct.,* 509 N.W.2d 459, 464 (Iowa 1993)). "A ground or reason is untenable . . . when it is based on an erroneous application of the law." *Graber v. City of Ankeny,* 616 N.W.2d 633, 638 (Iowa 2000). "Although our review is for an abuse of discretion, we will correct erroneous applications of law." *Everly,* 774 N.W.2d at 492.

## III. Analysis.

**A. The Consolidation Rule.** Iowa Rule of Civil Procedure 1.913 permits the district court to consolidate separate actions. Rule 1.913 provides:

> Unless a party shows the party will be prejudiced thereby the court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein. In such cases it may make such orders concerning the proceedings as tend to avoid unnecessary cost or delay.

Iowa R. Civ. P. 1.913. The rule is modeled after Federal Rule of Civil Procedure 42(a).[4] Accordingly, federal cases applying that Rule provide

---

[4]Federal Rule of Civil Procedure 42(a) provides:

**(a)** **Consolidation.** If actions before the court involve a common question of law or fact, the court may:

guidance here. *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417, 419–20 (Iowa 1994) (citing with approval the interpretation of Federal Rule 42 as expressed in *Cole v. Schenley Indus., Inc.*, 563 F.2d 35 (2d Cir. 1977)). Like its federal counterpart, rule 1.913 " 'is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties.' " *Id.* at 420 (Iowa 1994) (quoting *Cole*, 563 F.2d at 38). Thus, while "cases may be consolidated for trial, the cases generally preserve their separate identity." *Id.* Our consolidation rule embraces "[t]he modern trend . . . to combine in one litigation all actions arising out of one transaction," and the rule should be "liberally construed to [achieve] this end." *Liberty Loan Corp. of Des Moines v. Williams*, 201 N.W.2d 462, 464 (Iowa 1972).

Consolidation rulings are discretionary. *Kent Feeds, Inc.*, 646 N.W.2d at 90. The district court must exercise its discretion to determine whether the separate actions " 'involve common questions of law or fact' " and whether any party can " 'show[]' " prejudice. *Williams*, 201 N.W.2d at 464 (quoting Iowa R. Civ. P. 185, now rule 1.913). Our rule was amended in 1955 to require the party claiming prejudice to "show," rather than merely allege, prejudice. *Id.* The advisory committee added the showing requirement to take away the nonmoving party's de facto power to veto consolidation:

> The effect of the change, as indicated in the previous paragraph, was to require a showing of prejudice rather than merely a claim thereof. It is now for the Court to determine whether a claim of prejudice is well founded. When the rule

---

**(1)**     join for hearing or trial any or all matters at issue in the actions;

**(2)**     consolidate the actions; or

**(3)**     issue any other orders to avoid unnecessary cost or delay.

covering consolidation was first under consideration there was great opposition to requiring a party to submit to compulsory consolidation and the rule was deliberately set up to merely provide authorization and to encourage consideration of its advantages, but left practically an absolute power of veto in any party. However, the greater experience under the Federal Rules and under the restricted Iowa rule indicated that the apprehension which existed earlier was largely illusory. Hence, the veto power was eliminated in favor of the exercise of judicial discretion.

Iowa R. Civ. P. 1.913 official cmt.

The Fourth Circuit summarized the district court's role in determining whether consolidation should be granted:

The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982); *accord Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). These same considerations guide the district court's decision under Iowa Rule of Civil Procedure 1.913.

The parties cite several Iowa cases involving consolidation of condemnation appeals. *See Van Horn v. Iowa Pub. Serv. Co.*, 182 N.W.2d 365, 367–68 (Iowa 1970); *Iowa Dev. Co. v. Iowa State Highway Comm'n*, 252 Iowa 978, 981, 108 N.W.2d 487, 489 (1961); *Strange Bros. Hide Co. v. Iowa State Highway Comm'n*, 250 Iowa 450, 452, 93 N.W.2d 99, 100 (1958). Each of these cases, however, merely consolidated proceedings commenced by a single condemning agency for one project taking

property simultaneously from multiple neighboring landowners. Consolidation was resisted only in *Iowa Development Co.*, 252 Iowa at 983, 108 N.W.2d at 490–91. We held consolidation was within the district court's discretion under the circumstances of that case:

> It is clear the two cases involve common questions of law and fact. As stated, the Murphy tract is bounded by the development company's land on three sides. On the fourth side Delaware Avenue is the west boundary of the Murphy tract and much of the development company's land. *The same commissioners assessed the damages to both tracts on the same day.* Much testimony in the district court relates to both cases. Most of the witnesses on valuations expressed their opinions as to both tracts. Separate trials would have resulted in a good deal of repetition of testimony.

> Defendant's resistance to plaintiffs' motion to consolidate alleges a consolidation would be prejudicial to defendant and that different factors affect the value of the two tracts. The motion was evidently submitted on the pleadings *without any showing of prejudice* except such as might be apparent therefrom. We are not prepared to hold this was a showing of prejudice which warrants a reversal.

*Iowa Dev. Co.*, 252 Iowa at 983, 108 N.W.2d at 190–91 (emphasis added).

As the foregoing discussion shows, consolidation of condemnation appeals may well be appropriate for the routine cases involving serial takings from neighboring properties by a single condemner for the same project. Here, we are faced with quite different circumstances: two condemning authorities taking different interests from the landowner for different projects valued by separate compensation commissions months apart. We have not previously adjudicated the propriety of consolidation in this unique situation. We must take a closer look at the particular issues presented here to decide whether consolidation of Johnson Farms' appeals fell within the district court's discretion.

**B. Factual and Legal Questions Raised in Condemnation Appeals.** A condemnation appeal is an appeal to the district court of the

six-member compensation commission's damage assessment contained in its appraisement report. Iowa Code § 6B.18 (2009). Any interested party may appeal the commission's assessment. *Id.* The sole issue in a condemnation appeal is damages. *Id.* § 6B.23 ("On the trial of the appeal, no judgment shall be rendered except for costs and allocation of interest earned pursuant to section 6B.25, but the amount of damages shall be ascertained and entered of record.").

When the condemner seeks a partial taking of a parcel, as here, the jury calculates damages by using a before-and-after formula. *Jones v. Iowa State Highway Comm'n*, 185 N.W.2d 746, 750 (Iowa 1971). The before-and-after formula requires the jury to ascertain the difference in the fair market value of the entire land parcel immediately before and immediately after the taking, without concern for any benefit caused by the public condemnation project. *Id.* The jury determines damages as of the day the compensation commission viewed the land. *Heldenbrand v. Exec. Council*, 218 N.W.2d 628, 634 (Iowa 1974).

**C. The District Court Erred By Consolidating the Condemnation Appeals.** A threshold requirement for consolidation is the existence of a common question of law or fact. *Williams*, 201 N.W.2d at 464; *accord* Iowa R. Civ. P. 1.913. If that requirement is satisfied, the court must determine whether the benefits of consolidation are outweighed by the risk of prejudice and confusion. We address these factors in turn.

1. *Common questions of law or fact.* Johnson Farms asserts the appeals present common questions of law and fact because "the same Iowa substantive law regarding condemnation will apply to both cases" and the appeals involve "similar parties, the same parcel of land, and likely the same fact and expert witnesses." The existence of common

substantive law alone, however, does not justify consolidation. *See, e.g., Comeaux v. Mackwani,* 124 F. App'x 909, 911 (5th Cir. 2005) (finding no common question of fact or law under Federal Rule of Civil Procedure 42(a) merely because the plaintiff alleged Eighth Amendment violations in two otherwise unrelated civil rights claims). In other words, two factually unrelated tort actions are not ripe for consolidation simply because the same substantive law applies to each. *Id.* Innumerable unrelated cases could be consolidated if all that was required is the application of the same substantive law. The ultimate inquiry is not whether the same substantive law applies, but whether the separate actions require determinations of common questions of law or fact.

The fact both appeals involve takings from the same parent tract is not determinative. Each trial turns on a different valuation issue. PCAA condemned 4.17 acres in fee simple from Johnson Farms' 65.93-acre parcel. WRA condemned a .92-acre permanent easement and a 9.43-acre temporary construction easement from Johnson Farms' remaining 61.76-acre parcel. The before-and-after calculation is different in each appeal. The PCAA jury must determine the value of the 65.93-acre parcel before and after its 4.17-acre taking as of March 24. WRA did not even file its condemnation petition until nearly three months later. Accordingly, the WRA taking is not relevant to the PCAA damages calculation. *See Heldenbrand,* 218 N.W.2d at 634 (Iowa 1974) (holding damages are determined as of the day compensation commission appraised the property). By contrast, the WRA jury must determine the value of the 61.76-acre parcel before and after the WRA easements are imposed as of August 2 (the date the compensation commission viewed the property). Thus, the ultimate issue differs in each case.

We are not persuaded by Johnson Farms' characterization that the appeals involve condemnations by "similar parties." If "[a]ctions involving the same parties are apt candidates for consolidation," then it follows that actions involving different parties are less likely to present common questions. 9A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2384, at 52 (3d ed. 2008). WRA and PCAA are "similar" only in that each has condemnation authority. The entities are distinct in operation, funding, and purpose. PCAA is organized under Iowa Code chapter 28E, owns and operates the Ankeny Regional Airport, and receives project funding through the Federal Aviation Authority. WRA is organized under Iowa Code chapters 28E and 28F, it administers regional collection and treatment of sewage, and its board consists of representatives of seventeen Des Moines area communities. The record contains no evidence these authorities acted as each other's agent or colluded to lower damage awards to Johnson Farms.

Johnson Farms contends consolidation is needed to protect against inconsistent jury awards on the common question of the value of the parent tract. Specifically, Johnson Farms fears separate juries will find a high "after" value to its land on March 24 and a low "before" value to the same land on August 2, thereby reducing its compensation for both takings. Johnson Farms' concern is speculative—indeed, it could benefit from inconsistent verdicts. Separate juries may find a low "after" value on March 24 and a high "before" value on August 2, thereby increasing the combined compensation awarded to Johnson Farms. Separate juries could well find the same interim value for the parent tract based on the testimony of Johnson Farms' expert. On the other hand, the City of Ankeny's rapid growth or evidence of other intervening factors may justify different valuations of the parent track four months

apart. The concern over the risk of inconsistent verdicts is less compelling here because the juries are deciding different ultimate issues.

We conclude the potential commonality in the questions of fact (the value of the parent tract between the two takings) is insufficient to support consolidation in light of the risk of prejudice and confusion, particularly when the benefits of consolidation are slight.

2. *The benefits of consolidation are not great.* Consolidation will not significantly promote judicial economy in this litigation. At oral argument, counsel for Johnson Farms indicated each condemnation appeal is likely to require a two- or three-day trial. A consolidated trial would presumably run longer, perhaps three or four days, saving the court and Johnson Farms at most a day or two. Yet PCAA and WRA each would face a longer consolidated trial in place of a shorter separate trial. The downside for Johnson Farms—more total days in court—is ameliorated by its ability to recover its costs and attorney fees if its appeals are successful. Iowa Code § 6B.33. While the trials will include some overlapping evidence such as testimony of the same expert for Johnson Farms, there also will be significant independent evidence. PCAA and WRA will present separate expert testimony specific to their respective takings. The benefit of the time saved by a combined trial is offset by the increased complexity and risk of error requiring retrial.

3. *Risk of prejudice.* Johnson Farms argued that PCAA and WRA's multiple takings of adjacent land within a short period of time has a combined effect of reducing the value of its remaining parcel. The condemning authorities respond that the combined-effects theory distorts the proper before-and-after damages calculation. *See Jones*, 185 N.W.2d at 750.

PCAA argues consolidation will force the jury to hear evidence irrelevant to its case concerning the value of Johnson Farms' property after March 24. We agree. *See Heldenbrand*, 218 N.W.2d at 634 (Iowa 1974) (holding damages are determined as of the day compensation commission appraised the property). PCAA questions whether a jury instruction or admonition can cure this problem. At the very least, PCAA contends such a jury instruction or admonition will confuse the jury.

WRA in turn claims consolidation will require the jury to hear inadmissible comparable-sale evidence. Our precedent does not allow a party to introduce evidence of the price a condemner paid to another condemnee for the same project to establish damages in a condemnation appeal. *Jones v. Iowa State Highway Comm'n*, 259 Iowa 616, 619, 144 N.W.2d 277, 279 (1966); *Wilson v. Fleming*, 239 Iowa 718, 728, 31 N.W.2d 393, 398 (1948). This is because a condemnation award is not an arms-length transaction negotiated in the relevant market. *Jones*, 259 Iowa at 619, 144 N.W.2d at 279. WRA points out that in a consolidated trial the jury will hear evidence and make factual determinations to resolve the PCAA appeal. This creates a risk the jury will improperly use its PCAA award as a comparable to value the remaining tract before and after WRA's easements are taken.

We disagree with the district court's conclusion that these concerns can be effectively answered through admonitions or instructions to the jury. We recently recognized a jury may have difficulty faithfully applying instructions that require it to use evidence for some purposes and ignore it for others. *See State v. Redmond*, 803 N.W.2d 112, 124 (Iowa 2011) (cautioning a jury may have difficulty compartmentalizing prior bad-act evidence as going only toward the witness's testimonial credibility). If the condemnation appeals are tried

separately, those difficulties are avoided. We conclude the district court misapplied the law by concluding these actions could be consolidated without prejudice to WRA and PCAA. This erroneous application of law constitutes an abuse of discretion. *Graber,* 616 N.W.2d at 638.

No party cited any case from any jurisdiction consolidating condemnation actions commenced by different condemning authorities for different projects and different types of takings months apart in which the consolidation was resisted.[5] Our own research found no such cases. A leading treatise cautions against consolidating condemnation appeals when damages arise from separate takings: "As a general rule, all persons whose property is taken or injured may be joined in one proceeding. Where, however, the damages arise from separate takings, or from injuries which are not part of one project, such joinder is improper." 6 Julius L. Sackman, *Nichols on Eminent Domain* § 24.09[1], at 24–103 to 24–107 (3d ed. 2008). We see no persuasive policy reason in this case to become the first appellate court to affirm an order granting the landowner's motion to consolidate over the objection of separate condemning authorities taking different property interests from the same parent tract for separate projects months apart.

For these reasons, we hold the district court abused its discretion by consolidating the two condemnation appeals.

---

[5]At oral argument, Johnson Farms cited to *Floyd County v. Clements*, 150 S.W.2d 447 (Tex. Civ. App. 1941), as an example of a court that consolidated condemnation proceedings commenced by separate condemners. Consolidation was not contested on appeal, however, and the appellant's principal complaint concerned whether the jury was improperly instructed to permit the appellee a double recovery. *Clements*, 150 S.W.2d at 449.

**IV. Disposition.**

We reverse the district court's order consolidating the PCAA and WRA condemnation appeals, and we remand the case for separate proceedings.

**REVERSED AND REMANDED.**