# IN THE COURT OF APPEALS OF IOWA

No. 19-0546
Filed November 27, 2019

**KAI ANDREAS SKYE, a/k/a BRIAN E. ANDREAS,**
    Plaintiff-Appellant,

**vs.**

**MATHEW TRUST, C. JAY HAMILTON, as Trustee, DAVID QUINN ANDREAS, MATTHEW SHEA ANDREAS, and ELLEN ROCKNE,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Winneshiek County, John J. Bauercamper, Judge.

Plaintiff appeals from the district court order that entered judgment for attorney fees against him in favor of his sons. **AFFIRMED.**

Thais Ann Folta and James Burns of Miller, Pearson, Gloe, Burns, Beatty & Parrish, P.L.C., Decorah, for appellant.

Matthew G. Barnd and Mark R. Van Heukelom of Bradley & Riley, PC, Cedar Rapids, for appellees.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Kai Andreas Skye, a/k/a Brian E. Andreas, appeals from the district court order that entered judgment for attorney fees against him in favor of his sons, David Quinn Andreas and Matthew Shea Andreas, in the amount of $32,000, plus interest. Finding no abuse of discretion, we affirm the trial court.

**I. Background Facts and Proceedings.**

Kai[1] brought a petition for declaratory judgment to invalidate a trust in which he was a settlor and a former trustee. His sons, Matthew and David, are the trust's only beneficiaries and the trust was created for their benefit.

The issue of the trust's validity arose in the dissolution proceedings between Kai and Ellen Rockne. Because the issue of the trust's validity was outside the scope of the dissolution proceedings, the trust issue was ordered to be tried separately. Following trial on the validity of the trust, the trial court denied Kai's petition, declaring the trust both valid and irrevocable. Kai did not appeal the district court's determination regarding the validity of the trust. David and Matthew subsequently filed an application for attorney fees, which was granted by the district court. Kai's appeal followed.

A brief history of the trust as presented to the district court follows. In 1995, Kai and his wife in their capacities as owners of StoryPeople, Inc. executed a document establishing the "Mathew Trust, an irrevocable trust."[2] The first trust document contributed $62,070 and provided that the trust was "specifically

---

[1] As several of the parties use "Andreas" in some portion of their legal name, we reference the parties by their first names.

[2] In many filings in this case the trust is identified as the "Matthew" trust. The document creating the trust identifies it as the "Mathew" trust.

designed to provide for emergency assistance to either [David] or [Matthew] when either a catastrophic event interferes with their lives or money is needed to further their respective [educations] to protect their economic well-being."

Kai and his father were named as trustees for the benefit of beneficiary David and beneficiary Matthew. Shortly after this trust document was executed, Kai also submitted an application for an employer identification number for the trust and the IRS assigned an employer identification number. In 1997, Kai and his wife on behalf of Storypeople executed a second document for the Mathew Trust that modified the termination provision of the trust to allow termination only upon the death of David and Matthew. Currently, C. Jaye Hamilton is the trustee, but the record is void of how and when C. Jaye Hamilton became the trustee.

In his role as the previous trustee, Kai traveled to Switzerland three or four times per year from 1995 until approximately 2010 to meet portfolio managers to discuss investment choices. Kai also made dozens of investment decisions between 1995 and 2012 on behalf of the Mathew Trust. During that same time period, millions of dollars of assets were transferred in and out of the trust. At one point, the trust contained assets valued at $5.3 million. Despite the investments made on behalf of the trust, Kai asserted in his petition that this trust was "never actually [a] trust[ ] in any fashion" and relied on the fact that the IRS denied the trust treatment as a Voluntary Employees' Beneficiary Association (VEBA). At the time of trial, the only asset that remained in the trust was cash proceeds from the sale of stock of a company called Kevita valued at approximately $600,000. Kai requested to dissolve the trust and apply the proceeds to his significant personal tax liability.

Following trial, the court found that the trust was both valid and irrevocable. The court rejected Kai's argument that the trust was not a valid trust under state law simply because the trust was denied treatment as a VEBA by the IRS. The court further held that Kai had acted with unclean hands in bringing the petition for declaratory relief for his own personal benefit. The court ordered Kai to pay $32,000 in attorney fees. Kai appeals the award of attorney fees.

## II. Scope of Review.

Our review of an attorney-fee award is for abuse of discretion. *See In re Estate of Bockwoldt,* 814 N.W.2d 215, 221–22 (Iowa 2012); *see also In re Thompson Tr.,* 801 N.W.2d 23, 25 (Iowa Ct. App. 2011). A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable. *Johnson v. Des Moines Metro. Wastewater Reclamation Auth.,* 814 N.W.2d 240, 244 (Iowa 2012). The grounds for a ruling are unreasonable or untenable when they are "'based on an erroneous application of the law.'" *Id.* (quoting *Graber v. City of Ankeny,* 616 N.W.2d 633, 638 (Iowa 2000)). We will reverse a court's discretionary ruling only when the court rests its ruling on grounds that are clearly unreasonable or untenable. *NevadaCare, Inc. v. Dep't of Human Servs.,* 783 N.W.2d 459, 469 (Iowa 2010).

## III. Analysis.

Iowa Code section 633A.4507 provides a fee-shifting mechanism in judicial proceedings involving trust administration, which gives courts discretion to determine that costs and fees should be paid by a particular party or from the trust.

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be

paid by another party or from the trust that is the subject of the controversy.

Iowa Code § 633A.4507.

The Iowa Supreme Court has adopted a two-step analysis when applying this statute to determine if justice and equity require an award: (1) whether a party is entitled to recover fees and expenses in the first place; and, if so, (2) whether the fees and expenses incurred were reasonable. *In re Tr. No. T-1 of Trimble,* 826 N.W.2d 474, 491 (Iowa 2013) (citing *Atwood v. Atwood,* 25 P.3d 936, 947 (Okla. Civ. App. 2001)).

We initially determine that David and Matthew are entitled to recover fees and expenses in the first place, as Kai's petition involved a judicial proceeding concerning the administration of a trust.

Turning next to the reasonableness of the fees, we look to the factors set forth by the *Trimble* court. The *Trimble* court adopted five factors to consider when determining if a party is entitled to an attorney fee award after a trust proceeding, as follows:

> ([1]) reasonableness of the parties' claims, contentions, or defenses; ([2]) unnecessarily prolonging litigation; ([3]) relative ability to bear the financial burden; ([4]) result obtained by the litigation and prevailing party concepts; and ([5]) whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation.

*Id.*

At the hearing on the application for attorney fees, there was no testimony presented. For purpose of the request for attorney fees, the court took judicial notice of the file, trial evidence, and the application for attorney fees and supporting

documents. The trial court cited to both Iowa Code section 633A.4507 as well as the *Trimble* case in entering the attorney fee judgment.

The trial court's ruling stated:

> The legal standard for determining an award of attorney fees under the trust code has been explained by the Iowa Supreme Court by its ruling in *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474 (Iowa 2013).
> Applying that standard, the court determines the requested fees are reasonable.
> This litigation was filed by the plaintiff as controlling owner of the trust settlor for his own personal benefit against the only two beneficiaries of the trust. His suit was unsuccessful. Charging the fees to the trust assets would be unjust, because it would diminish the trust corpus to the detriment of the prevailing beneficiaries.

In the trial court's written order, the court specifically focused on *Trimble* factor one (reasonableness of the parties' claims, contentions, or defenses), factor four (result obtained by the litigation and prevailing party concepts), and factor five (whether a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons in the bringing or conduct of the litigation).

The fees requested by David and Matthew were slightly below the hourly rate contracted for between David and Matthew and their counsel. "An applicant for attorney fees has the burden to prove that the services were reasonably necessary and that the charges were reasonable in amount." *City of Riverdale v. Diercks,* 806 N.W.2d 643, 659 (Iowa 2011) (citation omitted). The district court should consider several factors, including "the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service." *Id.* (citation omitted). "The district court is considered

an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.,* 691 N.W.2d 730, 733 (Iowa 2005).

David and Matthew submitted a detailed accounting based on an hourly rate, which the district court took judicial notice of as part of the hearing on the application for fees and determined the fees to be reasonable. As noted above, the district court has wide discretion in determining what constitutes a reasonable attorney fee.

We further note based on review of the trial transcript that Kai is a successful international artist. David and Matthew reside together in Decorah, where David is a writer and Matthew is a waiter. While it does not appear that there was a delay of litigation caused by Kai, such is only one of the factors for the court's consideration in an award of attorney fees. Lastly, David and Matthew were the prevailing parties in the trust litigation.

**IV. Conclusion.**

Based upon complete review of the record and review of the *Trimble* considerations, we find no abuse of discretion by the trial court. Neither party requests attorney fees on appeal. Costs of this appeal are taxed to Kai.

**AFFIRMED**