# IN THE COURT OF APPEALS OF IOWA

No. 20-0022
Filed April 15, 2020

**IN THE INTEREST OF G.S., O.S., and C.S.,**
**Minor Children,**

**N.S., Father,**
    Appellant.
_____


Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A father appeals the juvenile court ruling granting a limited waiver of confidentiality in his child-in-need-of-assistance case. **REVERSED IN PART AND REMANDED.**


Patrick C. Peters of Payer, Hunziker, Rhodes & Peters, LLP, Ames, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Shannon M. Leighty, Nevada, attorney and guardian ad litem for minor children.


Considered by Bower, C.J., May, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

N.S. has three children who are the subjects of this child-in-need-of-assistance (CINA) proceeding.  An investigation of incidents involving one of the children led to a founded child-abuse assessment against N.S. for sexual abuse.  The juvenile court, at disposition, ordered a limited waiver of confidentiality so authorities could inform other entities of the findings in the case and provide notice that N.S. presents a danger to children with whom he has unsupervised contact.  N.S. appeals this provision of the dispositional order.

Because we find no authority for this broad disclosure or waiver of confidentiality, we reverse that portion of the order.

## I.  BACKGROUND FACTS AND PROCEEDINGS

N.S. had a child-abuse report founded against him for sexual abuse of one of his children.  He was placed on the child-abuse registry.  The report stated:

> The department determines the alleged perpetrator of the child abuse will continue to pose a danger to the child who is the subject of the report of child abuse OR to another child with whom the alleged perpetrator may come into contact. . . .
>     The case met a preponderance of the evidence AND is a type of abuse required to be registered.

The children in the family were removed and adjudicated CINA.  A dispositional hearing followed the adjudication.  In the dispositional order, the court ordered N.S. to submit to a psychosexual evaluation.  The court noted the graphic descriptions of sexual contact the child shared with a forensic interviewer, a short story N.S. wrote describing himself grooming and sexually abusing a ten-year-old child,[1] and

---

[1] At one point N.S. described the short story as a true account but he denied this later.

his free disclosure to the department of human services (DHS) that adults can be sexually attracted to children and should be able to have sexual relationships with them. At the time of the dispositional hearing, there was no criminal proceeding against N.S.

In the dispositional order, the court stated:

The clear and convincing evidence in this case leads the court to conclude very confidently that [N.S.] is a serial child sex abuser. He presents as an imminent risk of harm, if not an outright clear and present danger, to every child with whom he has unsupervised contact. This includes not only his own children, but every child in this community. Of great concern is the fact that [N.S.] is employed as a bus driver.

Later, the court added:

His financial affidavit shows that he works as a school bus driver. While the official juvenile court records are deemed confidential by Code, the legislative intent of Iowa Code Chapter 232 [(2019)] is to protect the children of this state. The state, the Iowa DHS, and the Story County Attorney all have a vested interest, if not an affirmative duty, to ensure the protection of the children of this state. Further, [N.S.] should not be placed in a position of acting upon his deviant tendency toward child sex abuse and should also be protected from being placed into situations that would lead him into serious legal jeopardy resulting in alienation from his children.

The court included the following directive in the dispositional order:

The peace of this state must be preserved and the children of this state protected from imminent harm. This does not involve grand or drastic measures by a court in most cases, including this one. A simple and narrowly tailored waiver of the confidentiality provide[d] by [Iowa Code section] 232.147 will suffice. Therefore, the state or DHS may share this court's finding that [N.S.] poses an imminent risk of harm to children with whom he has unsupervised contact. This sole finding may be shared with *any relevant private or governmental entity in order to reasonably protect children in this community*. The purpose for the exercise of the narrow and limited waiver of confidentiality is to protect children from imminent harm and to ensure the Iowa DHS and Story County Attorney may fulfill their legal and policy duties to proactively protect children and ensure the laws of this state are not violated.

> By permitting the state, County Attorney or DHS to share the court's finding, the court is not permitting a wholesale examination of the official juvenile court record. The state shall protect the identity of the children and the mother in these proceedings. The state, Iowa DHS, or Story County Attorney may only share the court's finding that: [N.S.] poses an imminent risk of harm to any child with whom he has unsupervised contact.

(Emphasis added.) N.S. appeals this aspect of the dispositional order. Although he contested before the juvenile court the order for a psychosexual evaluation and the adjudication of the children as CINA, N.S. does not challenge those aspects of the order on appeal.

## II. STANDARD OF REVIEW

Although we normally review CINA proceedings de novo, we review subsidiary rulings for an abuse of discretion. *In re N.N.*, 692 N.W.2d 51, 54 (Iowa Ct. App. 2004). When an issue requires statutory interpretation, we review for correction of errors at law. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014). A court abuses its discretion when its ruling is based on grounds that are unreasonable or untenable. *Johnson v. Des Moines Metro. Wastewater Reclamation Auth.*, 814 N.W.2d 240, 244 (Iowa 2012). The grounds for a ruling are unreasonable or untenable when they are "based on an erroneous application of the law." *Id.* (quoting *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000)).

## III. ANALYSIS

N.S. contends the juvenile court's order to release the statement underlined above was improper and not authorized by law.

The State and the children's guardian ad litem (GAL) respond that various code provisions allow the disclosure of this information. After an examination of those and other relevant statutory provisions, we determine the district court erred

in concluding that a "simple and narrowly tailored waiver of . . . confidentiality" was accomplished in this case. We find the court did not have such a broad statutory authority and therefore abused its discretion in granting authorities the ability to share the court's finding with "*any* relevant private or governmental entity in order to reasonably protect children in this community." (Emphasis added.)

The juvenile court authorized disclosure of a specific paragraph within the dispositional order, which constitutes an "official juvenile court record."[2] *See* Iowa Code § 232.2(38). "Official juvenile court records in all cases except those alleging delinquency shall be confidential and are not public records." *Id.* § 232.147(2). But "official juvenile court records" "may be inspected and their contents shall be disclosed" without a court order under limited circumstances not applicable under the facts here. *Id.* With a court order, "official juvenile court records may be inspected by and their contents may be disclosed to" a limited group of persons not applicable here.[3] *See id.* § 232.147(8).

---

[2] Our code defines "Official juvenile court records" and "official records" as
> official records of the court of proceedings over which the court has jurisdiction under this chapter which includes but is not limited to the following:
> a. The docket of the court and entries therein.
> b. Complaints, petitions, other pleadings, motions, and applications filed with a court.
> c. Any summons, notice, subpoena, or other process and proofs of publication.
> d. Transcripts of proceedings before the court.
> e. Findings, judgments, decrees, and orders of the court.

Iowa Code § 232.2(38).

[3] That section provides:
> Pursuant to court order, official juvenile court records may be inspected by and their contents may be disclosed to:
> a. A person conducting bona fide research for research purposes under whatever conditions the court may deem proper,

A final general confidentiality provision says, "Notwithstanding any other provision of law, a public record which is confidential under the provisions of this chapter shall only be subject to release upon order of a court in a proceeding under this chapter." *Id.* § 232.147(19). The parties all seem to agree that nothing within section 232.147 permits the disclosure or waiver of confidentiality ordered here.

The State offers an alternative theory: the disclosure is permitted under Iowa Code chapter 235A, which sets out rules for the operation of the state child-abuse registry. N.S. is a subject of the child-abuse registry following the founded child abuse report naming him as the perpetrator. According to the State, the disclosure of registry information "cannot be said to offend or circumvent the confidentiality provisions of the child abuse registry" because "[c]hild abuse information may be disclosed by the department" pursuant to a court order. And it is true that the founded child-abuse report includes similar language to the disclosure the court ordered. The report concludes, "[T]he alleged perpetrator of the child abuse will continue to pose a danger to the child who is the subject of the report of child abuse or to another child with whom the alleged perpetrator may come into contact." But no provision of the child-abuse registry chapter permits the disclosure authorized here.

The child-abuse registry, like CINA proceedings, is governed by rules of confidentiality. *See id.* § 235A.15(1) ("Notwithstanding chapter 22, the

provided that no personal identifying data shall be disclosed to such a person.
     b. Persons who have a direct interest in a proceeding or in the work of the court.
Iowa Code § 232.147(8).

confidentiality of all child abuse information shall be maintained, except as specifically provided in this section.") "Access to report data and disposition data subject to placement in the central registry" is authorized only to the persons and entities enumerated under chapter 235A. *Id.* § 235A.15(2). These include the "subjects of a report," persons involved in producing the assessment of child abuse, entities providing "care" to a child, and others. *Id.* § 235A.15(2)(a)–(e).

The State suggests section 235A.15(2)(e)(16) applies, which allows access to "the superintendent, or the superintendent's designee, of a school district or to the authorities in charge of an accredited nonpublic school for purpose of a volunteer or employment record check." Subparagraph (e)(22) also allows disclosure to "the employer or prospective employer of a school bus driver for purposes of an employment record check." Undoubtedly, the purpose of the order was to warn the school bus employer[4] that their employee might be a danger to children. These code provisions appear to allow that disclosure, but the court's order goes significantly beyond these narrow rules of disclosure, permitting the State to reveal the information to "*any relevant private or governmental entity in order to reasonably protect children in this community.*" Neither provision of subparagraph (e) allows such a broad disclosure.

Subparagraph (c) also permits access by "[i]ndividuals, agencies, or facilities providing care to a child . . . for cases of founded child abuse placed in

---

[4] Nothing in the record identifies N.S.'s school bus employer—whether it is a private company or a school district. Nothing in the record indicates the school bus employer inquired of the State or DHS whether their employee, N.S., had any abuse concerns or record. It is also not clear from the order whether the court authorized the State and DHS to give unsolicited disclosures or only released them to disclose when approached and asked to do so.

the registry." *Id.* § 235A.15(2)(c). This includes, in relevant part, "a federal, state or local governmental unit, or agent of the unit, that has a need for the information in order to carry out its responsibilities under law to protect children from abuse and neglect." *Id.* § 235A.15(2)(c)(13). Again, while this might encompass the school and the school bus provider, the actual order is significantly broader in scope. And, arguably, this provision does not apply to schools because "public schools are not agencies which are legally responsible for the care, treatment or supervision of the child within the meaning of [section] 232.147(3)(e)." Access to Confidential Juvenile Court Records by School Officials, 80-1-10 Iowa Op. Att'y Gen. 576, 1980 WL 25912, at *1 (1980) (opining confidential juvenile court records are not available to school officials without a court order because the "care" contemplated by juvenile records sections of the code "is that primary care, treatment and supervision to be provided by the child's parents or custodian, rather than the minimal care provided by schools").

The State next suggests disclosure is allowed under Iowa Code section 235A.19(3)(f). That section permits "[a] subject of a child abuse report, as identified in section 235A.15, subsection 2, paragraph 'a', [to] have the right to examine report data and disposition data which refers to the subject." Iowa Code § 235A.19(1). Paragraph (f) says, "The department shall not disclose any report data or disposition data until the conclusion of the proceeding to correct the data or findings, except . . . [p]ursuant to court order." But this provision refers only to a proceeding to correct the data and findings of a child abuse assessment on which "[a] subject of a child abuse report may file with the department" and be afforded a hearing. Iowa Code § 235A.19(3)(a). The DHS may disclose relevant

information after "the proceeding to correct the data or findings" with a court order. *Id.* § 235A.19(3)(f)(4). In addition, the "subject" of a child-abuse assessment is limited to a child named in a report as a victim; a parent, guardian, or legal custodian of a child named in a report; a person named in a report as having abused a child; or their attorneys. *See id.* § 235A.15(2)(a)(1)–(4). Outside private and government entities do not have a right to view the report or disposition data under section 235A.19(3)(f), even with a court order. The section also authorizes only the DHS to act, not the State or the county attorney, while the juvenile court's order authorizes all three to disclose.

The GAL suggests the order is proper under Iowa Code section 232.71B(9) as a protective disclosure. This section has to do with the duties of the DHS when it receives a report of child abuse.

> If the department determines that disclosure is necessary for the protection of a child, the department may disclose to a subject of a child abuse report referred to in section 235A.15, subsection 2, paragraph "a", that an individual is listed in the child or dependent adult abuse registry or is required to register with the sex offender registry in accordance with chapter 692A.

Iowa Code § 232.71B(9). Again, the section authorizes disclosure to a "subject" of the child-abuse report as defined under Iowa Code section 235A.15(2)(a); it does not permit disclosure to a third-party private or government entity. And, again, the section only authorizes the DHS to disclose, not the State or county attorney.

Finally, the State suggests school bus driver statutes provide an avenue for the disclosure. Iowa Code sections 321.375(2) and (3)(e) set out qualifications for school bus drivers in Iowa. As part of a pre-hiring investigation, school bus

employers must be given access to, among other public records, the central child-abuse registry. *See id.* § 321.375(2). The same section directs the employer to follow the same procedure upon renewal of the bus driver employee's contract or school bus license. *Id.* Placement on the child abuse registry is grounds for immediate suspension of a school bus driver. *See id.* § 321.375(3)(e). But, once again, the court's order goes far beyond any disclosure that must necessarily be made to aid a school bus company in its hiring decisions and maintaining the safety of children who ride school buses.

We have also examined the possibility of "redissemination" under Iowa Code section 235A.17(1):

> 1. A person, agency, or other recipient of child abuse information authorized to receive such information shall not redisseminate such information, except that redissemination shall be permitted when all of the following conditions apply:
>     a. The redissemination is for official purposes in connection with prescribed duties or, in the case of a health practitioner, pursuant to professional responsibilities.
>     b. The person to whom such information would be redisseminated would have independent access to the same information under section 235A.15.
>     c. A written record is made of the redissemination, including the name of the recipient and the date and purpose of the redissemination.
>     d. The written record is forwarded to the registry within thirty days of the redissemination.

We conclude, again, that this section does not permit the breadth of the disclosure here. While the State, DHS, and the county attorney are "authorized to receive" child abuse registry information under section 235A.15(2), redisseminating that information to private entities is not within their "official purposes in connection with prescribed duties." *Id.* § 235.17(1)(a). It is not generally part of their prescribed duties to disseminate child-abuse registry information—in fact, the statutes impose

an affirmative duty on those actors to keep the information confidential except in the instances permitted by code.

In addition, the order permits disclosure to persons and entities—such as friends or neighbors who have children who might come in contact with N.S.—who would not "have independent access to the same information under section 235A.15." *Id.* § 235A.17(1)(b). Further, we are not aware from our record that the required written record under paragraphs (c) and (d) occurred in this case.

We find, and the parties cite, no published or unpublished opinion evaluating this kind of disclosure or waiver order. And we have carefully combed the relevant code sections permitting disclosure of otherwise confidential information in a CINA proceeding or when, as here, the perpetrator is placed on the child-abuse registry.

Although well-meaning, we cannot find authority for the juvenile court to order the disclosure of confidential information in a CINA proceeding outside the instances permitted by statute. The order allowing the State and DHS to inform "any relevant private or governmental entity in order to protect children in this community" that N.S. "poses an imminent risk of harm to any child with whom he has unsupervised contact" extends far beyond the more limited disclosures our code provides. It permits the State to inform any business or public service location where children may be present or any parent acquaintance or neighbor of whose children might come in contact with N.S. of a very alarming conclusion regarding him. We understand the court is interpreting chapter 232 liberally in an attempt to serve the best interests of the children in the community. *See id.* § 232.1 ("This chapter shall be liberally construed to the end that each child under the jurisdiction

of the court shall receive, preferably in the child's own home, the care, guidance and control that will best serve the child's welfare and the best interest of the state."). There is a founded child-abuse report naming N.S. and disturbing facts about his conduct have come to light during the CINA case. But the confidentiality provisions exist to protect both the children and the parents in a CINA case from disclosure of their private information. The statute permits disclosure under circumstances encompassing N.S.'s bus driving job. But the court did not stop there.

We further find no provision in the law that allows for what the court characterizes as a "limited waiver of confidentiality" under Iowa Code section 232.147. The disclosures permitted by statute are not characterized as "waivers of confidentiality," and we see no provision in the law allowing the court to waive the confidentiality that belongs to the subjects of the CINA proceeding. The legislature weighs and balances the needs for disclosure and confidentiality in CINA cases. As well-intended the juvenile court's order may be, it must conform to the statutory authority imposed by the legislature. We therefore conclude the court abused its discretion in issuing the directive. We reverse that part of the dispositional order and remand for further proceedings consistent with this opinion.

The State also argues this issue is moot because N.S. did not file a motion to stay and the county attorney already complied with the juvenile court's order and informed the relevant entity – N.S.'s school bus employer. We disagree—this opinion still has "force or effect in the underlying controversy" because there is no limit to how many entities the State may inform or for how long, including any future employer N.S. may have where the employment may bring him in contact with

children.  *See Iowa Mut. Ins. Co. v. McCarthy*, 572 N.W.2d 537, 540 (Iowa 1997).

The court is without authority to permit such disclosures.

**REVERSED IN PART AND REMANDED.**