# IN THE COURT OF APPEALS OF IOWA

No. 25-0214
Filed October 29, 2025

MCKENZIE BURTON, CHEYENNE DEVRIES, SARA KNOTT and TAYLOR
ROTTINGHAUS,
        Plaintiffs-Appellants,

vs.

BRUCE THIES, MICHA CUTLER, ROGER NISSLY, MICHELLE GRITSCH,
STEVE KLEIN and THE CITY COUNCIL OF THE CITY OF IOWA FALLS, IOWA,
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Hardin County, Bethany Currie,

Judge.

        The plaintiffs challenge the district court's grant of summary judgment for

the defendants. **REVERSED IN PART, VACATED IN PART, AND REMANDED.**


        Gary Dickey (argued) of Dickey, Campbell, & Sahag Law Firm, PLC, Des

Moines, for appellants.

        Eric M. Updegraff (argued) of Hopkins & Huebner, P.C., Des Moines, for

appellees.


        Heard at oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**CHICCHELLY, Presiding Judge.**

McKenzie Burton, Cheyenne Devries, Sara Knott and Taylor Rottinghaus appeal the district court's grant of summary judgment on their claims alleging violations of the Iowa Open Meetings Act. They allege the district court erred when it granted summary judgment on (1) their claim of insufficient notice under Iowa Code section 21.4(1) (2023), (2) their claims requesting removal of members of the city council, and (3) joinder of the claims on the court's own motion. Upon our review, we reverse the district court's grant of summary judgment on the notice claim and mandatory joinder of the claims, vacate the dismissal of the removal claims, and remand for further proceedings.

## I.      Background Facts and Proceedings

In July 2023, the City of Iowa Falls was considering transferring its 911 dispatch center to Hardin County. The Iowa Falls City Council held meetings on July 17 and 24 to discuss and approve the transfer of dispatch services.

On July 14, the city posted the meeting agenda and a city employee emailed a copy to the *Times-Citizen* newspaper. The agenda listed an item titled, "Police Department Operations" and described this item as "Discussion and operations." On the morning of July 17, the city amended the agenda to read, "Discussion and action." No action on the dispatch services was taken at that meeting.

On July 21, the city sent the agenda for the July 24 meeting to the *Times-Citizen* and posted the meeting agenda. The agenda included an agenda item reading "Police Department Operations" and described it as "Consider approval of

a resolution transferring 24 hour a day dispatch services." The council approved the transfer at that meeting.

In August 2023, a complaint was filed with the Iowa Public Information Board (IPIB) alleging members of city council violated Iowa Code section 21.4.[1] After an investigation, the IPIB found the notice was likely insufficient regarding the July 17 and July 24 meetings.

In January 2024, the plaintiffs filed two separate actions alleging violations of the Iowa Open Meetings law. One case was filed for each meeting. The defendants moved for summary judgement on several grounds. Following a hearing, the district court entered an order granting partial summary judgment. In its order the district court also ordered joinder of the two cases. The plaintiffs now appeal.

## II. Standard of Review

"We review a district court's grant of summary judgment for correction of errors at law." *Hedlund v. State*, 930 N.W.2d 707, 715 (Iowa 2019). Viewing "the record in the light most favorable to the nonmoving party," we must determine whether the movant has shown "there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018) (citation omitted).

## III. Public Notice

The plaintiffs first challenge the district court's determination that summary judgment was appropriate because the agenda for the July 24 meeting was posted

---

[1] Iowa Code chapter 21 is commonly known as the Iowa Open Meetings law.

more than twenty-four hours prior to the scheduled meeting. The district court understood the plaintiffs' claim to be based on the timelines of the agenda being posted online. But plaintiffs allege the meeting agenda was not posted in a public place as required by Iowa Code section 21.4(1). The posting of the agenda on the city's website is not relevant to the summary judgment analysis in this case. Accordingly, we reverse the district court's grant of summary judgment on this claim.

Iowa Code section 21.4(1) states:

[A] governmental body shall give notice of the time, date, and place of each meeting including a reconvened meeting of the governmental body, and the tentative agenda of the meeting, in a manner reasonably calculated to apprise the public of that information. Reasonable notice shall include advising the news media who have filed a request for notice with the governmental body and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.

This notice "shall be given at least twenty-four hours prior to the commencement of any meeting of a governmental body unless for good cause such notice is impossible or impractical, in which case as much notice as is reasonably possible shall be given." Iowa Code § 21.4(2)(a).

The district court, relying on the parties' undisputed facts, found the defendants complied with the statute. The court reasoned that there was no dispute that the agenda was posted in city hall at least twenty-four hours prior to the July 24 meeting and distributed to the newspapers three days prior to the meeting. The district court instead focused on what it understood to be a challenge to the timeliness of the online posting of the agenda.

We agree with the plaintiff's argument that the district court misunderstood the basis of their claim because they were only alleging the defendants failed to post the notice in a public place as the statute requires. Iowa Code § 21.4(1). They allege the notice posted in the city hall was insufficient, not the online posting of the agenda. In support of their argument, the plaintiffs point us to the supreme court's opinion in *City of Postville v. Upper Explorerland Regional Planning Commission*, 834 N.W.2d 1, 10 (Iowa 2013). In that case, the supreme court held:

> Although, the Commission offered some germane evidence,[2] it failed in its motion for summary judgment to establish there was no genuine issue of material fact the public had reasonable access to the bulletin board. We do not know how often the public uses the hallway or if the board and its contents are visible from the reception area. Accordingly, the district court should have denied summary judgment on the notice issue because there is a genuine issue of material fact regarding the reasonableness of the notices.

*Postville*, 834 N.W.2d at 10. Similarly here, the record shows the city sent the agenda to the *Times-Citizen* and that the agenda was posted by city employees.[3] However, there is no information regarding where the agenda was posted and whether that area is "easily accessible to the public" as required by statute. *See* Iowa Code § 21.4(1)(a). The Iowa Public Information Board found it was "unclear

---

[2] The evidence described as "germane" by the supreme court is more detailed than the evidence contained in this record. *Postville*, 834 N.W.2d at 10. In *Postville* the record showed,

> the Commission posted its meeting notice on a bulletin board located in the hallway of the Commission's Postville office. The bulletin board is approximately thirty to forty feet from the main public access door. The bulletin board is not visible from the entrance door to the office. The office is open to the public Monday through Friday from 8:00 a.m. until 4:30 p.m.

*Id.* at 9. Here, the record at best shows the agenda was posted in city hall.

[3] The parties allege the employee's affidavit states it was posted in a public area of city hall but the affidavit simply read "City employees posted the agenda at the same time."

whether posting the agenda in the city hall over the weekend was in such a manner as to be visible and provide notice." Based on this record, this court is unable to conclude as a matter of law that the agenda was posted in a "prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting." *Id.*; *see also Postville*, 834 N.W.2d at 9–10. Accordingly, we find a genuine issue of material fact exists as to whether the publication of the agenda was in substantial compliance with the statute and reverse summary judgment.[4]

## IV. Removal Claims

Next, the plaintiffs argue that the district court erred by granting summary judgment on their claims to remove defendants who engaged in a prior violation of the Iowa Open Meetings Act and by joining their claims.

### a. Joinder

The plaintiffs allege the district court erred in ordering joinder of the two cases because (1) the district court lacks authority to order joinder of cases, and (2) claim preclusion does not apply in this case. In considering the removal issue, the district court determined the two cases should be joined because the doctrine of claim preclusion would require dismissal of the case based on the July 24 meeting.

First, we agree the district court lacks authority to sua sponte order joinder of these cases. The rules of joinder are governed by the Iowa Rules of Civil

---

[4] The plaintiffs also allege the district court misconstrued the scope of relief the defendants requested in their summary judgment motion by dismissing the entire claim instead of the claim for fines only. Because we reverse the grant of summary judgment on other grounds, we do not reach this issue.

Procedure. "A single plaintiff may join in the same petition as many causes of action, legal or equitable, independent or alternative, as there are against a single defendant." Iowa R. Civ. P. 1.231. This rule places the power of seeking joinder on the plaintiff, not any other party. There is no authority cited by the district court or any parties that allow the district court to join claims on its own motion.

Second, we agree claim preclusion does not require joinder in this case because there has been no final judgment in either case. Claim preclusion bars piecemeal litigation, requiring parties to "try all issues growing out of the claim at one time and not in separate actions." *Bennett v. MC No. 619, Inc.*, 586 N.W.2d 512, 517 (Iowa 1998). Claim preclusion requires three elements: "(1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case." *Pavone v. Kirke*, 807 N.W.2d 828, 836 (Iowa 2011). In this case, claim preclusion does not apply at this point in the litigation because no claims have reached final judgment. *See id.*

Because claim preclusion does not apply in this case and there is no authority for the district court's joinder of claims, we reverse the district court's mandatory joinder of the claims.

> *b. Removal*

The plaintiffs seek removal under Iowa Code section 21.6(2) which states a district court "[s]hall issue an order removing a member of a governmental body from office if that member has engaged in a prior violation of this chapter for which damages were assessed against the member during the member's term." They

do this by filing two separate actions alleging violations of the Iowa Open Meetings Act. In *Ollinger v. Smith*, we addressed a similar issue. 892 N.W.2d 775, 786–87 (Iowa Ct. App. 2016). There the plaintiffs sought removal after alleging multiple violations of the open meetings act in one case. We held that just because plaintiffs "allege more than one violation in this action does not satisfy the requirement for a 'prior violation.'" *Id.* at 787. The district court dismissed these claims after ordering a mandatory joinder of the claims. Having joined the claims into one action, the district court determined there was "no evidence before the Court of any prior violations by any of the City Council members."

Because we have reversed the joinder of these claims, which was the sole basis for the district court's dismissal of the plaintiffs' claims seeking removal of defendants, we vacate the dismissal of the removal claims too. We express no further opinion on whether the plaintiffs may seek removal under Iowa Code section 21.6(2) or whether *Ollinger* applies under these facts.

### c. Consolidation

The district court's order on joinder includes a discussion of judicial economy, similarity of witnesses, and the similarity of the claims. It appears the district court was discussing the factors for consolidation. "[The district] court may consolidate separate actions which involve common questions of law or fact or order a single trial of any or all issues therein." Iowa R. Civ. P. 1.913. But this rule "is a procedural device designed to promote judicial economy, and consolidation cannot effect a merger of the actions or the defenses of the separate parties." *Johnson v. Des Moines Metro. Wastewater Reclamation Auth.*, 814 N.W.2d 240, 245 (Iowa 2012) (quoting *Miller v. Lauridsen Foods, Inc.*, 525 N.W.2d 417, 420

(Iowa 1994)).  Because the issue of consolidation is not before us, we express no opinion on whether these claims can be consolidated.

**V.      Conclusion**

We reverse the district court's grant of summary judgment on the insufficient notice claims and the mandatory joinder of the claims.  Because we reverse the joinder of the claims, we vacate the dismissal of the removal claims and remand for further proceedings.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**